UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER-NY, LLC, RASIER, LLC, and RASIER-CA, LLC,<br><br>                    Plaintiffs,<br><br>     v.<br><br>AMERICAN TRANSIT INSURANCE COMPANY,<br><br>                    Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiffs Uber Technologies, Inc., Uber USA, LLC, Rasier-NY, LLC, Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), by their undersigned attorneys hereby allege as follows against Defendant American Transit Insurance Company ("Defendant" or "ATIC"):

## SUMMARY OF THE ACTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and for money damages for breach of contract, whereby Uber seeks to enforce ATIC's contractual obligations to Uber in twenty-three bodily injury lawsuits filed against Uber in New York (the "Underlying Lawsuits"). A list of the Underlying Lawsuits is attached as **Exhibit A**. ATIC has consistently and systematically failed its named insureds—for-hire drivers in New York City licensed by the Taxi & Limousine Commission ("TLC"). ATIC has a pattern and practice of failing to adhere to reasonable claims-handling practices and failing to reasonably resolve claims and lawsuits on its insureds' behalf. ATIC's detrimental conduct has negatively impacted thousands of New York City for-hire drivers. This has had a knock-on effect of provoking unnecessary tort litigation involving insured for-hire drivers and Uber, whereby ATIC has, in practice, forced claimants to ask Uber to unreasonably step into the shoes of ATIC's insurance coverage

obligations. Uber must bring this action to overcome ATIC's unreasonable practices and to enforce ATIC's obligation of good faith to its insureds. As detailed below, Uber seeks to enforce the contractual obligations ATIC owes Uber, confirm ATIC's primary insurance obligations of defense and indemnity to Uber as its insured, and to recover the defense and indemnity costs Uber has incurred in connection with the Underlying Lawsuits (*see* **Exhibit A**).

2.      Each of the Underlying Lawsuits arises out of motor vehicle accidents where a) TLC drivers (the "Drivers") were utilizing Uber's Rides Platform (the "Uber App") at the time of the accident for lead generation and payment processing services and b) the Drivers are alleged to be at fault for bodily injury to a rider or third party.

3.      Each Underlying Lawsuit alleges that Uber is liable for the conduct of the allegedly at-fault Driver.

4.      Pursuant to TLC regulations, each Driver maintained a commercial auto liability policy issued by ATIC (individually an "ATIC Policy", and collectively the "ATIC Policies").

5.      Each ATIC Policy provides coverage for Uber for the Underlying Lawsuits because the Underlying Lawsuits allege Uber is liable for the conduct of the Drivers.

6.      Uber requested that ATIC defend Uber in the Underlying Lawsuits and indemnify Uber to the extent of its alleged liability for the conduct of the Drivers under the ATIC Policies.

7.      ATIC refused to honor its contractual obligations and denied coverage under the ATIC Policies.

8.      Uber has paid substantial amounts to defend the Underlying Lawsuits and will continue to pay substantial amounts to defend the Underlying Lawsuits.

9.      Further, Uber will incur additional damages in settlements and judgments for the Underlying Lawsuits, to the extent of Uber's alleged legal liability for the conduct of the Drivers.

10.     Uber seeks a declaration of the rights, duties, and obligations of ATIC and Uber under the ATIC Policies. Specifically, Uber seeks the following declaratory relief:

> Pursuant to 28 U.S.C. § 2201, a declaration that ATIC is obligated under the ATIC Policies (more fully described below) to (1) defend Uber against the Underlying Lawsuits, (2) allow Uber to select counsel of its choice to defend it in the Underlying Lawsuits, and timely pay Uber for reasonable defense fees and costs; and (3) indemnify Uber to the extent of Uber's alleged legal liability for the conduct of the Drivers.

11.     Actual controversies exist between Uber and ATIC for which a declaratory judgment setting forth the parties' rights, duties, and obligations is necessary. Such a declaratory judgment, if entered, will terminate the uncertainty or controversy giving rise to this proceeding.

12.     In addition, Uber seeks money damages and other relief from ATIC for its breaches of contract in failing to defend and indemnify Uber against the Underlying Lawsuits. Specifically, Uber seeks money damages resulting from ATIC's breaches of the contractual obligations set forth in the ATIC Policies, including ATIC's failure to (1) pay the defense costs incurred by Uber in defense of the Underlying Lawsuits and (2) indemnify Uber to the extent of Uber's alleged legal liability for the conduct of the Drivers.

## **THE PARTIES**

13.     Plaintiff Uber Technologies, Inc. ("Uber Technologies") is a Delaware corporation with its principal place of business in San Francisco, California.

14.     Plaintiff Uber USA, LLC ("Uber USA") is a Delaware limited liability company and is a wholly owned subsidiary of Uber Technologies.

15.     Plaintiff Rasier, LLC[1] is a Delaware limited liability company and is a wholly owned subsidiary of Uber Technologies.

---

[1] Some Underlying Lawsuits mistakenly refer to Rasier, LLC as "Raiser, LLC."

3

16.     Plaintiff Rasier-NY, LLC[2] is a Delaware limited liability company and is a wholly owned subsidiary of Rasier, LLC. Rasier, LLC is a Delaware limited liability company and is a wholly owned subsidiary of Uber Technologies.

17.     Plaintiff Rasier-CA, LLC is a Delaware limited liability company and is a wholly owned subsidiary of Rasier, LLC. Rasier, LLC is a Delaware limited liability company and is a wholly owned subsidiary of Uber Technologies.

18.     Upon information and belief, Defendant American Transit Insurance Company ("ATIC") is  a New York corporation with its principal place of business in Brooklyn, New York. Defendant is engaged in the business of selling insurance and does business in the State of New York.

## JURISDICTION AND VENUE

19.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of a state and a citizen of a foreign state in which the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has jurisdiction over this declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because this action arises out of contracts of insurance to insure persons, property, or risk located within this District at the time of contracting and because a substantial part of the events giving rise to the claim occurred in this District.

21.     This Court has personal jurisdiction over ATIC by virtue of ATIC's sale of insurance policies and significant business activities within this District.

---

[2] Some Underlying Lawsuits mistakenly refer to Rasier-NY, LLC as "Raiser-NY, LLC."

**UBER AND THE DRIVERS**

22.     Uber Technologies is a technology company that uses its proprietary technology to develop and maintain digital multi-sided marketplace platforms. As is relevant here, Uber Technologies developed the Uber App to connect independent drivers and riders seeking transportation services.

23.     In New York City, drivers licensed by the TLC operating for-hire vehicles who wish to utilize Uber's lead-generation and payment processing services contract with Uber Technologies' wholly owned subsidiary, Uber USA, to utilize the Uber App.

24.     To gain access to the Uber App, each Driver consented to either a Technology Services Agreement or Platform Access Agreement, including addenda, depending on the date of the agreement (the "Agreements"). The Agreements outline the respective rights and responsibilities relating to the Driver's use of the Uber App.

25.     Pursuant to the Agreements and the TLC's rules and regulations, each Driver agreed to maintain commercial automobile liability insurance that provides protection against bodily injury and property damage to third parties at levels of coverage that satisfy all applicable laws. At all times relevant hereto, the minimum level of commercial auto liability coverage for TLC-licensed vehicles in New York was $100,000.

26.     Pursuant to the Agreements, each TLC vehicle owner ("Customer") or TLC Driver agreed to "maintain during the term of this Agreement on all Vehicles operated by Customer or its Drivers commercial automobile liability insurance that provides protection against bodily injury and property damage to third parties at levels of coverage that satisfy all applicable laws in the Territory. This coverage must also include any no-fault coverage required by law in the Territory that may not be waived by an insured."

27.     Pursuant to the Agreements, each Customer or Driver agreed to "maintain during the term of this Agreement commercial general liability insurance that provides protection against personal injury, advertising injury and property damage to third parties at levels of coverage required by all applicable laws in the Territory."

28.     Pursuant to the Agreements, each Customer or Driver agreed to "add Uber (or any Affiliate which may be designated by Uber from time to time) to Customer's insurance policies required . . . above as an additional insured, and shall, upon Uber's request, provide Uber with a copy of such insurance certificate(s) within seven (7) days of such request."

29.     Pursuant to the Agreements, each Customer or Driver "shall indemnify, defend (at Uber's option) and hold harmless Uber and its Affiliates and their respective officers, directors, employees, agents, successors and assigns from and against any and all liabilities, expenses (including legal fees), damages, penalties, fines, social security contributions and taxes arising out of or related to: (a) Customer's breach of its representations, warranties or obligations under this Agreement; or (b) a claim by a third party (including Users, regulators and governmental authorities) directly or indirectly related to Customer's provision of Transportation Services or use of the Uber Services. This indemnification provision shall not apply to Customer's or any Drivers' breach of any representations regarding their status as independent contractors."

30.     Pursuant to the Agreements, each Customer or Driver agreed that "As between Customer and Uber, Customer is and shall be solely responsible for its Drivers' provision of Transportation Services. As such, Customer shall indemnify, defend (at Uber's option) and hold harmless Uber and its Affiliates and their respective officers, directors, employees, agents, successors and assigns from and against any and all liabilities, expenses (including legal fees), damages, penalties, fines, social contributions and taxes directly or indirectly arising out of or related to its Drivers' provision of Transportation Services or use of the Uber Services."

## THE UNDERLYING LAWSUITS

31.     Uber has been named a defendant in each of the Underlying Lawsuits.

32.     Each Underlying Lawsuit alleges that a Driver is at fault for bodily injury to a rider or third party arising out of a motor vehicle accident.

33.     Each Underlying Lawsuit alleges that the respective Driver used the Uber App.

34.     Each Underlying Lawsuit alleges that Uber is vicariously liable to the underlying plaintiffs for the conduct of the respective Driver.

35.     Some Underlying Lawsuits allege additional types of liability against Uber.

## THE ATIC POLICIES

36.     Upon information and belief, the ATIC Policies are issued on Business Auto Coverage Form ISO CA 00 01 10 13. A copy of ATIC's filing of ISO Form CA 00 01 10 13 with the State of New York, including endorsements and additional forms, is attached as **Exhibit B**.

37.     Upon information and belief, the allegedly at-fault Driver in each Lawsuit maintained a commercial auto liability policy issued by ATIC with limits of at least $100,000.

38.     Upon information and belief, under the terms of each ATIC Policy, ATIC agreed to pay "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from the ownership, maintenance, or use of a covered 'auto.'"

39.     Upon information and belief, each ATIC Policy provides that ATIC has the "right and duty" to defend any "insured" against a "suit" seeking damages.

40.     Upon information and belief, each ATIC Policy defines "Insured" as:

> **1. Who Is An Insured**
> The following are "insureds":
>      a. You for any covered 'auto'.
>      b. Anyone else while using with your permission a covered "auto"
>      you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

41.     N.Y. Comp. Codes R. & Regs. tit. 11, § 60-1.1 requires that coverage under the ATIC Policies extend to any organization with respect to its liability because of acts or omissions of an insured.

42.     Each Driver is an "insured" under the respective ATIC Policy each Driver maintained with ATIC.

43.     Each Underlying Lawsuit is a "suit" under the respective ATIC Policy each Driver maintained with ATIC.

44.     The ATIC Policies provide primary auto liability coverage for the Drivers for the damages alleged in the Underlying Lawsuits. ATIC owes a primary duty to defend and indemnify the Drivers against the damages sought by the plaintiffs in the Underlying Lawsuits.

45.     Uber is an "insured" under each ATIC Policy because each Underlying Lawsuit alleges that Uber is liable for the conduct of each allegedly at-fault Driver.

46.     ATIC owes a primary duty to defend and indemnify Uber against the damages sought by the plaintiffs in the Underlying Lawsuits.

**UBER'S TENDER AND ATIC'S DENIAL**

47.    On September 25, 2023, Uber, on behalf of itself and/or its relevant subsidiaries, tendered its defense and indemnity to ATIC in writing for each of the Underlying Lawsuits. A copy of Uber's tender to ATIC is attached **Exhibit C**.

48.    ATIC had notice of the Underlying Lawsuits when the Drivers or underlying claimants first tendered each of the Underlying Lawsuits to ATIC.

49.    On October 12, 2023, ATIC disclaimed coverage for Uber in each of the Underlying Lawsuits. A copy of ATIC's disclaimer letter is attached as **Exhibit D**.

50.    ATIC has wrongfully refused to defend and indemnify Uber in each of the Underlying Lawsuits.

51.    Uber has been forced to defend itself in each Underlying Lawsuit.

52.    Uber will continue to incur costs to defend the Underlying Lawsuits.

53.    Further, Uber will incur additional damages as a result of Uber's alleged liability for the conduct of the Drivers in the Underlying Lawsuits.

**THE LOVE LAWSUIT**

54.    Uber is named as a defendant in the Underlying Lawsuit filed by Davis Love on May 10, 2023, in New York Supreme Court, Bronx County, Index No. 807354/2023 (the "Love Lawsuit"). The complaint in the Love Lawsuit is attached as **Exhibit E**.

55.    The Love Lawsuit alleges Uber is liable for the conduct of Driver Adel Sahioun Fam Atef. *See, e.g.*, **Exhibit E**, ¶¶ 46–47.

56.    Upon information and belief, ATIC issued ATIC Policy No. B512389 to Driver Adel Sahioun Fam Atef.

57.    Driver Adel Sahioun Fam Atef is an "insured" under ATIC Policy No. B512389.

58.    The Love Lawsuit is a "suit" under ATIC Policy No. B512389.

59.     ATIC Policy No. B512389 provides primary auto liability coverage for Driver Adel Sahioun Fam Atef for the damages alleged in the Love Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Adel Sahioun Fam Atef against the damages sought by the plaintiff(s) in the Love Lawsuit.

60.     Upon information and belief, ATIC has defended and/or indemnified Driver Adel Sahioun Fam Atef against the damages sought by the plaintiff(s) in the Love Lawsuit.

61.     Uber is an "insured" under ATIC Policy No. B512389 because the Love Lawsuit alleges that Uber is liable for the conduct of Driver Adel Sahioun Fam Atef. *See, e.g.*, **Exhibit E**, ¶¶ 46–47.

## THE ALEMAN LAWSUIT

62.     Uber is named as a defendant in the Underlying Lawsuit filed by Jeanette Aleman on August 8, 2023, in New York Supreme Court, Bronx County, Index No. 812137/2023E (the "Aleman Lawsuit"). The complaint in the Aleman Lawsuit is attached as **Exhibit F**.

63.     The Aleman Lawsuit alleges Uber is liable for the conduct of Driver Willie Mateo. *See, e.g.*, **Exhibit F**, ¶¶ 34, 36, 38, 51–54, 78.

64.     Upon information and belief, ATIC issued ATIC Policy No. C001969 to Driver Willie Mateo.

65.     Driver Willie Mateo is an "insured" under ATIC Policy No. C001969.

66.     The Aleman Lawsuit is a "suit" under ATIC Policy No. C001969.

67.     ATIC Policy No. C001969 provides primary auto liability coverage for Driver Willie Mateo for the damages alleged in the Aleman Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Willie Mateo against the damages sought by the plaintiff(s) in the Aleman Lawsuit.

68. Upon information and belief, ATIC has defended and/or indemnified Driver Willie Mateo against the damages sought by the plaintiff(s) in the Aleman Lawsuit.

69. Uber is an "insured" under ATIC Policy No. C001969 because the Aleman Lawsuit alleges that Uber is liable for the conduct of Driver Willie Mateo. *See, e.g.*, **Exhibit F**, ¶¶ 34, 36, 38, 51–54, 78.

## THE ENGLISH LAWSUIT

70. Uber is named as a defendant in the Underlying Lawsuit filed by Paris English on June 21, 2023, in New York Supreme Court, New York County, Index No. 155593/2023 (the "English Lawsuit"). The complaint in the English Lawsuit is attached as **Exhibit G**.

71. The English Lawsuit alleges Uber is liable for the conduct of Driver Md R. Khan. *See, e.g.*, **Exhibit G**, ¶¶ 14–16, 68.

72. Upon information and belief, ATIC issued ATIC Policy No. B903756 to Driver Md R. Khan.

73. Driver Md R. Khan is an "insured" under ATIC Policy No. B903756.

74. The English Lawsuit is a "suit" under ATIC Policy No. B903756.

75. ATIC Policy No. B903756 provides primary auto liability coverage for Driver Md R. Khan for the damages alleged in the English Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Md R. Khan against the damages sought by the plaintiff(s) in the English Lawsuit.

76. Upon information and belief, ATIC has defended and/or indemnified Driver Md R. Khan against the damages sought by the plaintiff(s) in the English Lawsuit.

77. Uber is an "insured" under ATIC Policy No. B903756 because the English Lawsuit alleges that Uber is liable for the conduct of Driver Md R. Khan. *See, e.g.*, **Exhibit G**, ¶¶ 14–16, 68.

## THE JOHNSON LAWSUIT

78.     Uber is named as a defendant in the Underlying Lawsuit filed by Jacqueline Johnson on August 25, 2023, in New York Supreme Court, Westchester County, Index No. 65946/2023 (the "Johnson Lawsuit"). The complaint in the Johnson Lawsuit is attached as **Exhibit H**.

79.     The Johnson Lawsuit alleges Uber is liable for the conduct of Driver Atta Ofori. *See, e.g.*, **Exhibit H**, ¶¶ 33, 51–52, 71–72.

80.     Upon information and belief, ATIC issued ATIC Policy No. B609187 to Driver Atta Ofori.

81.     Driver Atta Ofori is an "insured" under ATIC Policy No. B609187.

82.     The Johnson Lawsuit is a "suit" under ATIC Policy No. B609187.

83.     ATIC Policy No. B609187 provides primary auto liability coverage for Driver Atta Ofori for the damages alleged in the Johnson Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Atta Ofori against the damages sought by the plaintiff(s) in the Johnson Lawsuit.

84.     Upon information and belief, ATIC has defended and/or indemnified Driver Atta Ofori against the damages sought by the plaintiff(s) in the Johnson Lawsuit.

85.     Uber is an "insured" under ATIC Policy No. B609187 because the Johnson Lawsuit alleges that Uber is liable for the conduct of Driver Atta Ofori. *See, e.g.*, **Exhibit H**, ¶¶ 33, 51–52, 71–72.

## THE GUZMAN LAWSUIT

86.     Uber is named as a defendant in the Underlying Lawsuit filed by Pamela Guzman on July 11, 2023, in New York Supreme Court, Bronx County, Index No. 810552/2023E (the "Guzman Lawsuit"). The complaint in the Guzman Lawsuit is attached as **Exhibit I**.

87.     The Guzman Lawsuit alleges Uber is liable for the conduct of Driver Louis Placide. *See, e.g.*, **Exhibit I**, ¶ 44.

88.     Upon information and belief, ATIC issued ATIC Policy No. FPT002260 to Driver Louis Placide.

89.     Driver Louis Placide is an "insured" under ATIC Policy No. FPT002260.

90.     The Guzman Lawsuit is a "suit" under ATIC Policy No. FPT002260.

91.     ATIC Policy No. FPT002260 provides primary auto liability coverage for Driver Louis Placide for the damages alleged in the Guzman Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Louis Placide against the damages sought by the plaintiff(s) in the Guzman Lawsuit.

92.     Upon information and belief, ATIC has defended and/or indemnified Driver Louis Placide against the damages sought by the plaintiff(s) in the Guzman Lawsuit.

93.     Uber is an "insured" under ATIC Policy No. FPT002260 because the Guzman Lawsuit alleges that Uber is liable for the conduct of Driver Louis Placide. *See, e.g.*, **Exhibit I**, ¶ 44.

## THE BILLEY LAWSUIT

94.     Uber is named as a defendant in the Underlying Lawsuit filed by Keoma Billey on June 30, 2023, in New York Supreme Court, Kings County, Index No. 519147/2023 (the "Billey Lawsuit"). The complaint in the Billey Lawsuit is attached as **Exhibit J**.

95.     The Billey Lawsuit alleges Uber is liable for the conduct of Driver Rafael Almonte Vasquez. *See, e.g.*, **Exhibit J**, ¶¶ 56–57.

96.     Upon information and belief, ATIC issued ATIC Policy No. CAP608682 to Driver Rafael Almonte Vasquez.

97.     Driver Rafael Almonte Vasquez is an "insured" under ATIC Policy No. CAP608682.

98.     The Billey Lawsuit is a "suit" under ATIC Policy No. CAP608682.

99.     ATIC Policy No. CAP608682 provides primary auto liability coverage for Driver Rafael Almonte Vasquez for the damages alleged in the Billey Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Rafael Almonte Vasquez against the damages sought by the plaintiff(s) in the Billey Lawsuit.

100.    Upon information and belief, ATIC has defended and/or indemnified Driver Rafael Almonte Vasquez against the damages sought by the plaintiff(s) in the Billey Lawsuit.

101.    Uber is an "insured" under ATIC Policy No. CAP608682 because the Billey Lawsuit alleges that Uber is liable for the conduct of Driver Rafael Almonte Vasquez. *See, e.g.*, **Exhibit J**, ¶¶ 56–57.

## THE SAMUEL LAWSUIT

102.    Uber is named as a defendant in the Underlying Lawsuit filed by Shirley Samuel on August 23, 2023, in New York Supreme Court, Kings County, Index No. 524485/2023 (the "Samuel Lawsuit"). The complaint in the Samuel Lawsuit is attached as **Exhibit K**.

103.    The Samuel Lawsuit alleges Uber is liable for the conduct of Driver Dost Sadiq. *See, e.g.*, **Exhibit K**, ¶¶ 32–33.

104.    Upon information and belief, ATIC issued ATIC Policy No. TNC000114 to Driver Dost Sadiq.

105.    Driver Dost Sadiq is an "insured" under ATIC Policy No. TNC000114.

106.    The Samuel Lawsuit is a "suit" under ATIC Policy No. TNC000114.

107.    ATIC Policy No. TNC000114 provides primary auto liability coverage for Driver Dost Sadiq for the damages alleged in the Samuel Lawsuit. ATIC owes a primary duty to defend

and indemnify Driver Dost Sadiq against the damages sought by the plaintiff(s) in the Samuel Lawsuit.

108.    Upon information and belief, ATIC has defended and/or indemnified Driver Dost Sadiq against the damages sought by the plaintiff(s) in the Samuel Lawsuit.

109.    Uber is an "insured" under ATIC Policy No. TNC000114 because the Samuel Lawsuit alleges that Uber is liable for the conduct of Driver Dost Sadiq. *See, e.g.*, **Exhibit K**, ¶¶ 32–33.

## THE ROBINSON LAWSUIT

110.    Uber is named as a defendant in the Underlying Lawsuit filed by Barry Lee Robinson on August 2, 2023, in New York Supreme Court, Bronx County, Index No. 811812/2023E (the "Robinson Lawsuit"). The complaint in the Robinson Lawsuit is attached as **Exhibit L**.

111.    The Robinson Lawsuit alleges Uber is liable for the conduct of Driver Julio Deoleo. *See, e.g.*, **Exhibit L**, ¶¶ 14–15.

112.    Upon information and belief, ATIC issued ATIC Policy No. FPT008250 to Driver Julio Deoleo.

113.    Driver Julio Deoleo is an "insured" under ATIC Policy No. FPT008250.

114.    The Samuel Lawsuit is a "suit" under ATIC Policy No. FPT008250.

115.    ATIC Policy No. FPT008250 provides primary auto liability coverage for Driver Julio Deoleo for the damages alleged in the Robinson Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Julio Deoleo against the damages sought by the plaintiff(s) in the Robinson Lawsuit.

116.    Upon information and belief, ATIC has defended and/or indemnified Driver Julio Deoleo against the damages sought by the plaintiff(s) in the Robinson Lawsuit.

117.    Uber is an "insured" under ATIC Policy No. FPT008250 because the Robinson Lawsuit alleges that Uber is liable for the conduct of Driver Julio Deoleo. *See, e.g.*, **Exhibit L**, ¶¶ 14–15.

## THE WILLIAMS LAWSUIT

118.    Uber is named as a defendant in the Underlying Lawsuit filed by Keneisha Williams and Brianna Doodnaughtsingh on July 27, 2023, in New York Supreme Court, Kings County, Index No. 521706/2023 (the "Williams Lawsuit"). The complaint in the Williams Lawsuit is attached as **Exhibit M**.

119.    The Williams Lawsuit alleges Uber is liable for the conduct of Driver Zhaoyang Liu  (a/k/a Yue Shu). *See, e.g.*, **Exhibit M**, ¶¶ 12–15, 27.

120.    Upon information and belief, ATIC issued ATIC Policy No. B516728 to Driver Zhaoyang Liu.

121.    Driver Zhaoyang Liu is an "insured" under ATIC Policy No. B516728.

122.    The Williams Lawsuit is a "suit" under ATIC Policy No. B516728.

123.    ATIC Policy No. B516728 provides primary auto liability coverage for Driver Zhaoyang Liu for the damages alleged in the Williams Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Zhaoyang Liu against the damages sought by the plaintiff(s) in the Williams Lawsuit.

124.    Upon information and belief, ATIC has defended and/or indemnified Driver Zhaoyang Liu against the damages sought by the plaintiff(s) in the Williams Lawsuit.

125.    Uber is an "insured" under ATIC Policy No. B516728 because the Williams Lawsuit alleges that Uber is liable for the conduct of Driver Zhaoyang Liu. *See, e.g.*, **Exhibit M**, ¶¶ 12–15, 27.

## THE STRICKLAND LAWSUIT

126.    Uber is named as a defendant in the Underlying Lawsuit filed by Vairrun Strickland on August 18, 2023, in New York Supreme Court, Kings County, Index No. 524125/2023 (the "Strickland Lawsuit"). The complaint in the Strickland Lawsuit is attached as **Exhibit N**.

127.    The Strickland Lawsuit alleges Uber is liable for the conduct of Driver Asraf Uddin. *See, e.g.*, **Exhibit N, ¶¶** 56–58.

128.    Upon information and belief, ATIC issued ATIC Policy No. CAP615222 to Driver Asraf Uddin.

129.    Driver Asraf Uddin is an "insured" under ATIC Policy No. CAP615222.

130.    The Strickland Lawsuit is a "suit" under ATIC Policy No. CAP615222.

131.    ATIC Policy No. CAP615222 provides primary auto liability coverage for Driver Asraf Uddin for the damages alleged in the Strickland Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Asraf Uddin against the damages sought by the plaintiff(s) in the Strickland Lawsuit.

132.    Upon information and belief, ATIC has defended and/or indemnified Driver Asraf Uddin against the damages sought by the plaintiff(s) in the Strickland Lawsuit.

133.    Uber is an "insured" under ATIC Policy No. CAP615222 because the Strickland Lawsuit alleges that Uber is liable for the conduct of Driver Asraf Uddin. *See, e.g.*, **Exhibit N**, **¶¶** 56–58.

## THE DODENC LAWSUIT

134.    Uber is named as a defendant in the Underlying Lawsuit filed by David Dodenc et al. on July 31, 2023, in New York Supreme Court, Kings County, Index No. 521960/2023 (the "Dodenc Lawsuit"). The complaint in the Dodenc Lawsuit is attached as **Exhibit O**.

135.    The Dodenc Lawsuit alleges Uber is liable for the conduct of Driver Ramaz Bikashvili. *See, e.g.*, **Exhibit O**, ¶ 45.

136.    Upon information and belief, ATIC issued ATIC Policy No. FPT013416 to Driver Ramaz Bikashvili.

137.    Driver Ramaz Bikashvili is an "insured" under ATIC Policy No. FPT013416.

138.    The Dodenc Lawsuit is a "suit" under ATIC Policy No. FPT013416.

139.    ATIC Policy No. FPT013416 provides primary auto liability coverage for Driver Ramaz Bikashvili for the damages alleged in the Dodenc Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Ramaz Bikashvili against the damages sought by the plaintiff(s) in the Dodenc Lawsuit.

140.    Upon information and belief, ATIC has defended and/or indemnified Driver Ramaz Bikashvili against the damages sought by the plaintiff(s) in the Dodenc Lawsuit.

141.    Uber is an "insured" under ATIC Policy No. FPT013416 because the Dodenc Lawsuit alleges that Uber is liable for the conduct of Driver Ramaz Bikashvili. *See, e.g.*, **Exhibit O**, ¶ 45.

## THE RICHARDSON LAWSUIT

142.    Uber is named as a defendant in the Underlying Lawsuit filed by Aura Fountain (as Administratrix of the Estate of Jonathan Richardson) on May 2, 2023, in New York Supreme Court, Queens County, Index No. 703030/2023 (the "Richardson Lawsuit"). The complaint in the Richardson Lawsuit is attached as **Exhibit P**.

143.    The Richardson Lawsuit alleges Uber is liable for the conduct of Driver David Mavashev. *See, e.g.*, **Exhibit P**, ¶¶ 28–29, 71, 79, 87.

144.    Upon information and belief, ATIC issued ATIC Policy No. B516521 to Driver David Mavashev.

145.    Driver David Mavashev is an "insured" under ATIC Policy No. B516521.

146.    The Richardson Lawsuit is a "suit" under ATIC Policy No. B516521.

147.    ATIC Policy No. B516521 provides primary auto liability coverage for Driver David Mavashev for the damages alleged in the Richardson Lawsuit. ATIC owes a primary duty to defend and indemnify Driver David Mavashev against the damages sought by the plaintiff(s) in the Richardson Lawsuit.

148.    Upon information and belief, ATIC has defended and/or indemnified Driver David Mavashev against the damages sought by the plaintiff(s) in the Richardson Lawsuit.

149.    Uber is an "insured" under ATIC Policy No. B516521 because the Richardson Lawsuit alleges that Uber is liable for the conduct of Driver David Mavashev. *See, e.g.*, **Exhibit P**, ¶¶ 28–29, 71, 79, 87.

## THE REDDIN LAWSUIT

150.    Uber is named as a defendant in the Underlying Lawsuit filed by Rashawn Reddin on August 14, 2023, in New York Supreme Court, Kings County, Index No. 523456/2023 (the "Reddin Lawsuit"). The complaint in the Reddin Lawsuit is attached as **Exhibit Q**.

151.    The Reddin Lawsuit alleges Uber is liable for the conduct of Driver Ali Akbar. *See, e.g.*, **Exhibit Q**, ¶¶ 25–27, 54.

152.    Upon information and belief, ATIC issued ATIC Policy No. TNC000112 to Driver Ali Akbar.

153.    Driver Ali Akbar is an "insured" under ATIC Policy No. TNC000112.

154.    The Reddin Lawsuit is a "suit" under ATIC Policy No. TNC000112.

155.    ATIC Policy No. TNC000112 provides primary auto liability coverage for Driver Ali Akbar for the damages alleged in the Reddin Lawsuit. ATIC owes a primary duty to defend

and indemnify Driver Ali Akbar against the damages sought by the plaintiff(s) in the Reddin Lawsuit.

156.    Upon information and belief, ATIC has defended and/or indemnified Driver Ali Akbar against the damages sought by the plaintiff(s) in the Reddin Lawsuit.

157.    Uber is an "insured" under ATIC Policy No. TNC000112 because the Reddin Lawsuit alleges that Uber is liable for the conduct of Driver Ali Akbar. *See, e.g.*, **Exhibit Q**, ¶¶ 25–27, 54.

## THE HURLEY LAWSUIT

158.    Uber is named as a defendant in the Underlying Lawsuit filed by Rodney Hurley on August 8, 2023, in New York Supreme Court, Kings County, Index No. 522859/2023 (the "Hurley Lawsuit"). The complaint in the Hurley Lawsuit is attached as **Exhibit R**.

159.    The Hurley Lawsuit alleges Uber is liable for the conduct of Driver Hari Giri. *See, e.g.*, **Exhibit R**, ¶¶ 57–62.

160.    Upon information and belief, ATIC issued ATIC Policy No. FPT007319 to Driver Hari Giri.

161.    Driver Hari Giri is an "insured" under ATIC Policy No. FPT007319.

162.    The Hurley Lawsuit is a "suit" under ATIC Policy No. FPT007319.

163.    ATIC Policy No. FPT007319 provides primary auto liability coverage for Driver Hari Giri for the damages alleged in the Hurley Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Hari Giri against the damages sought by the plaintiff(s) in the Hurley Lawsuit.

164.    Upon information and belief, ATIC has defended and/or indemnified Driver Hari Giri against the damages sought by the plaintiff(s) in the Hurley Lawsuit.

165.     Uber is an "insured" under ATIC Policy No. FPT007319 because the Hurley Lawsuit alleges that Uber is liable for the conduct of Driver Hari Giri. *See, e.g.*, **Exhibit R**, ¶¶ 57–62.

## THE HASSAN LAWSUIT

166.     Uber is named as a defendant in the Underlying Lawsuit filed by Khadega Hassan and Alexis Velazquez on June 23, 2023, in New York Supreme Court, Kings County, Index No. 518317/2023 (the "Hassan Lawsuit"). The complaint in the Hassan Lawsuit is attached as **Exhibit S**.

167.     The Hassan Lawsuit alleges Uber is liable for the conduct of Driver Abdelilah Esskalli. *See, e.g.*, **Exhibit S**, ¶¶ 118–19.

168.     Upon information and belief, ATIC issued ATIC Policy No. B718450 to Driver Abdelilah Esskalli.

169.     Driver Abdelilah Esskalli is an "insured" under ATIC Policy No. B718450.

170.     The Hassan Lawsuit is a "suit" under ATIC Policy No. B718450.

171.     ATIC Policy No. B718450 provides primary auto liability coverage for Driver Abdelilah Esskalli for the damages alleged in the Hassan Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Abdelilah Esskalli against the damages sought by the plaintiff(s) in the Hassan Lawsuit.

172.     Upon information and belief, ATIC has defended and/or indemnified Driver Abdelilah Esskalli against the damages sought by the plaintiff(s) in the Hassan Lawsuit.

173.     Uber is an "insured" under ATIC Policy No. B718450 because the Hassan Lawsuit alleges that Uber is liable for the conduct of Driver Abdelilah Esskalli. *See, e.g.*, **Exhibit S**, ¶¶ 118–19.

## THE WILSON LAWSUIT

174.    Uber is named as a defendant in the Underlying Lawsuit filed by Robert Wilson on May 8, 2023, in New York Supreme Court, Kings County, Index No. 513648/2023 (the "Wilson Lawsuit"). The complaint in the Wilson Lawsuit is attached as **Exhibit T**.

175.    The Wilson Lawsuit alleges Uber is liable for the conduct of Driver Kuljinder Singh. *See, e.g.*, **Exhibit T**, ¶¶ 30–35, 42.

176.    Upon information and belief, ATIC issued ATIC Policy No. FPT003764 to Driver Kuljinder Singh.

177.    Driver Kuljinder Singh is an "insured" under ATIC Policy No. FPT003764.

178.    The Wilson Lawsuit is a "suit" under ATIC Policy No. FPT003764.

179.    ATIC Policy No. FPT003764 provides primary auto liability coverage for Driver Kuljinder Singh for the damages alleged in the Wilson Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Kuljinder Singh against the damages sought by the plaintiff(s) in the Wilson Lawsuit.

180.    Upon information and belief, ATIC has defended and/or indemnified Driver Kuljinder Singh against the damages sought by the plaintiff(s) in the Wilson Lawsuit.

181.    Uber is an "insured" under ATIC Policy No. FPT003764 because the Wilson Lawsuit alleges that Uber is liable for the conduct of Driver Kuljinder Singh. *See, e.g.*, **Exhibit T**, ¶¶ 30–35, 42.

## THE TAKARLI LAWSUIT

182.    Uber is named as a defendant in the Underlying Lawsuit filed by Houcine Takarli on July 20, 2023, in New York Supreme Court, Queens County, Index No. 714915/2023 (the "Takarli Lawsuit"). The complaint in the Takarli Lawsuit is attached as **Exhibit U**.

183.    The Takarli Lawsuit alleges Uber is liable for the conduct of Driver Mohammad Bruiyan. *See, e.g.*, **Exhibit U**, ¶¶ 33–36.

184.    Upon information and belief, ATIC issued ATIC Policy No. FPT007413 to Driver Mohammad Bruiyan.

185.    Driver Mohammad Bruiyan is an "insured" under ATIC Policy No. FPT007413.

186.    The Takarli Lawsuit is a "suit" under ATIC Policy No. FPT007413.

187.    ATIC Policy No. FPT007413 provides primary auto liability coverage for Driver Mohammad Bruiyan for the damages alleged in the Takarli Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Mohammad Bruiyan against the damages sought by the plaintiff(s) in the Takarli Lawsuit.

188.    Upon information and belief, ATIC has defended and/or indemnified Driver Mohammad Bruiyan against the damages sought by the plaintiff(s) in the Takarli Lawsuit.

189.    Uber is an "insured" under ATIC Policy No. FPT007413 because the Takarli Lawsuit alleges that Uber is liable for the conduct of Driver Mohammad Bruiyan. *See, e.g.*, **Exhibit U**, ¶¶ 33–36.

## THE ELIAS LAWSUIT

190.    Uber is named as a defendant in the Underlying Lawsuit filed by Erick Elias on July 20, 2023, in New York Supreme Court, Bronx County, Index No. 811079/2023E (the "Elias Lawsuit"). The complaint in the Elias Lawsuit is attached as **Exhibit V**.

191.    The Elias Lawsuit alleges Uber is liable for the conduct of Driver Paulino Mendez (identified in the complaint as "John Doe"). *See, e.g.*, **Exhibit V**, ¶¶ 47–48.

192.    Upon information and belief, ATIC issued ATIC Policy No. C100898 to Driver Paulino Mendez.

193.    Driver Paulino Mendez is an "insured" under ATIC Policy No. C100898.

23

194.     The Elias Lawsuit is a "suit" under ATIC Policy No. C100898.

195.     ATIC Policy No. C100898 provides primary auto liability coverage for Driver Paulino Mendez for the damages alleged in the Elias Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Paulino Mendez against the damages sought by the plaintiff(s) in the Elias Lawsuit.

196.     Upon information and belief, ATIC has defended and/or indemnified Driver Paulino Mendez against the damages sought by the plaintiff(s) in the Elias Lawsuit.

197.     Uber is an "insured" under ATIC Policy No. C100898 because the Elias Lawsuit alleges that Uber is liable for the conduct of Driver Paulino Mendez. *See, e.g.*, **Exhibit V**, ¶¶ 47–48.

## THE NURSE LAWSUIT

198.     Uber is named as a defendant in the Underlying Lawsuit filed by Chad Julien Nurse on July 25, 2023, in New York Supreme Court, Kings County, Index No. 521336/2023 (the "Nurse Lawsuit"). The complaint in the Nurse Lawsuit is attached as **Exhibit W**.

199.     The Nurse Lawsuit alleges Uber is liable for the conduct of Driver Karma Dorje. *See, e.g.*, **Exhibit W**, ¶¶ 35, 74, 77.

200.     Upon information and belief, ATIC issued ATIC Policy No. FPT004157 to Driver Karma Dorje.

201.     Driver Karma Dorje is an "insured" under ATIC Policy No. FPT004157.

202.     The Nurse Lawsuit is a "suit" under ATIC Policy No. FPT004157.

203.     ATIC Policy No. FPT004157 provides primary auto liability coverage for Driver Karma Dorje for the damages alleged in the Nurse Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Karma Dorje against the damages sought by the plaintiff(s) in the Nurse Lawsuit.

204.    Upon information and belief, ATIC has defended and/or indemnified Driver Karma Dorje against the damages sought by the plaintiff(s) in the Nurse Lawsuit.

205.    Uber is an "insured" under ATIC Policy No. FPT004157 because the Nurse Lawsuit alleges that Uber is liable for the conduct of Driver Karma Dorje. *See, e.g.*, **Exhibit W**, ¶¶ 35, 74, 77.

## THE MARTINEZ LAWSUIT

206.    Uber is named as a defendant in the Underlying Lawsuit filed by Frankie Martinez on August 15, 2023, in New York Supreme Court, Kings County, Index No. 523573/2023 (the "Martinez Lawsuit"). The complaint in the Martinez Lawsuit is attached as **Exhibit X**.

207.    The Martinez Lawsuit alleges Uber is liable for the conduct of Driver Aleksandre Aleksidze. *See, e.g.*, **Exhibit X**, ¶¶ 32, 34, 36, 57, 76.

208.    Upon information and belief, ATIC issued ATIC Policy No. FPT016916 to Driver Aleksandre Aleksidze.

209.    Driver Aleksandre Aleksidze is an "insured" under ATIC Policy No. FPT016916.

210.    The Martinez Lawsuit is a "suit" under ATIC Policy No. FPT016916.

211.    ATIC Policy No. FPT016916 provides primary auto liability coverage for Driver Aleksandre Aleksidze for the damages alleged in the Martinez Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Aleksandre Aleksidze against the damages sought by the plaintiff(s) in the Martinez Lawsuit.

212.    Upon information and belief, ATIC has defended and/or indemnified Driver Aleksandre Aleksidze against the damages sought by the plaintiff(s) in the Martinez Lawsuit.

213.    Uber is an "insured" under ATIC Policy No. FPT016916 because the Martinez Lawsuit alleges that Uber is liable for the conduct of Driver Aleksandre Aleksidze. *See, e.g.*, **Exhibit X**, ¶¶ 32, 34, 36, 57, 76.

## THE BURLAKA LAWSUIT

214.    Uber is named as a defendant in the Underlying Lawsuit filed by Ara Burlaka on July 31, 2023, in New York Supreme Court, Kings County, Index No. 521981/2023 (the "Burlaka Lawsuit"). The complaint in the Burlaka Lawsuit is attached as **Exhibit Y**.

215.    The Burlaka Lawsuit alleges Uber is liable for the conduct of Driver Elyorjon Arziev. *See, e.g.*, **Exhibit Y**, ¶¶ 81–87.

216.    Upon information and belief, ATIC issued ATIC Policy No. C100591 to Driver Elyorjon Arziev.

217.    Driver Elyorjon Arziev is an "insured" under ATIC Policy No. C100591.

218.    The Burlaka Lawsuit is a "suit" under ATIC Policy No. C100591.

219.    ATIC Policy No. C100591 provides primary auto liability coverage for Driver Elyorjon Arziev for the damages alleged in the Burlaka Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Elyorjon Arziev against the damages sought by the plaintiff(s) in the Burlaka Lawsuit.

220.    Upon information and belief, ATIC has defended and/or indemnified Driver Elyorjon Arziev against the damages sought by the plaintiff(s) in the Burlaka Lawsuit.

221.    Uber is an "insured" under ATIC Policy No. C100591 because the Burlaka Lawsuit alleges that Uber is liable for the conduct of Driver Elyorjon Arziev. *See, e.g.*, **Exhibit Y**, ¶¶ 81–87.

## THE BURKE LAWSUIT

222.    Uber is named as a defendant in the Underlying Lawsuit filed by Gregory Burke and Kiyomi Toda-Burke on August 18, 2023, in New York Supreme Court, Kings County, Index No. 524098/2023 (the "Burke Lawsuit"). The complaint in the Burke Lawsuit is attached as **Exhibit Z**.

223.    The Burke Lawsuit alleges Uber is liable for the conduct of Driver Giorgi Elbakidze. *See, e.g.*, **Exhibit Z**, ¶ 32.

224.    Upon information and belief, ATIC issued ATIC Policy No. C103296 to Driver Giorgi Elbakidze.

225.    Driver Giorgi Elbakidze is an "insured" under ATIC Policy No. C103296.

226.    The Burke Lawsuit is a "suit" under ATIC Policy No. C103296.

227.    ATIC Policy No. C103296 provides primary auto liability coverage for Driver Giorgi Elbakidze for the damages alleged in the Burke Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Giorgi Elbakidze against the damages sought by the plaintiff(s) in the Burke Lawsuit.

228.    Upon information and belief, ATIC has defended and/or indemnified Driver Giorgi Elbakidze against the damages sought by the plaintiff(s) in the Burke Lawsuit.

229.    Uber is an "insured" under ATIC Policy No. C103296 because the Burke Lawsuit alleges that Uber is liable for the conduct of Driver Giorgi Elbakidze. *See, e.g.*, **Exhibit Z**, ¶ 32.

## THE LOUIS LAWSUIT

230.    Uber is named as a defendant in the Underlying Lawsuit filed by Wilhermine Louis on June 15, 2023, in New York Supreme Court, Queens County, Index No. 712472/2023 (the "Louis Lawsuit"). The complaint in the Louis Lawsuit is attached as **Exhibit AA**.

231.    The Louis Lawsuit alleges Uber is liable for the conduct of Driver Mustapha Aitounacer (identified in the complaint as "John Doe"). *See, e.g.*, **Exhibit AA**, ¶¶ 140–41, 146–47, 152–53, 158–59.

232.    Upon information and belief, ATIC issued ATIC Policy No. B511410 to Driver Mustapha Aitounacer.

233.    Driver Mustapha Aitounacer is an "insured" under ATIC Policy No. B511410.

234.    The Louis Lawsuit is a "suit" under ATIC Policy No. B511410.

235.    ATIC Policy No. B511410 provides primary auto liability coverage for Driver Mustapha Aitounacer for the damages alleged in the Louis Lawsuit. ATIC owes a primary duty to defend and indemnify Driver Mustapha Aitounacer against the damages sought by the plaintiff(s) in the Louis Lawsuit.

236.    Upon information and belief, ATIC has defended and/or indemnified Driver Mustapha Aitounacer against the damages sought by the plaintiff(s) in the Louis Lawsuit.

237.    Uber is an "insured" under ATIC Policy No. B511410 because the Louis Lawsuit alleges that Uber is liable for the conduct of Driver Mustapha Aitounacer. *See, e.g.*, **Exhibit AA**, ¶¶ 140–41, 146–47, 152–53, 158–59.

## COUNT I
### (Declaratory Judgment on Defendant's
### Duty to Defend Uber)

238.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

239.    The automobile liability insurance coverage provided by ATIC under each respective ATIC Policy was in full force and effect on the date of the alleged loss in each Underlying Lawsuit.

240.    The automobile liability insurance coverage provided by ATIC under the respective ATIC Policy covers the subject vehicle in each Underlying Lawsuit.

241.    The automobile liability insurance coverage provided by ATIC under the respective ATIC Policy covers the Driver allegedly at fault in each Underlying Lawsuit.

242.    The automobile liability insurance coverage provided by ATIC under the respective ATIC Policy covers the damages sought by the plaintiff(s) in each Underlying Lawsuit.

243.    ATIC received timely notice of each Underlying Lawsuit and/or was not prejudiced by the timing of the notice of each Underlying Lawsuit. *See* **Exhibit C**.

244.    ATIC has no defenses to coverage for each Underlying Lawsuit.

245.    ATIC is obligated under the terms of each ATIC Policy to defend Uber against any suit seeking damages against Uber for Uber's liability for the conduct of the Drivers.

246.    Each Underlying Lawsuit alleges Uber is liable for the conduct of the respective Driver.

247.    Uber is an insured under the ATIC Policy applicable to each Underlying Lawsuit.

248.    ATIC's duty to defend Uber under each ATIC Policy was triggered when ATIC first received notice of the respective Underlying Lawsuit.

249.    ATIC has refused to defend Uber in each of the Underlying Lawsuits. *See* **Exhibit D**.

250.    The allegations in the complaint of each Underlying Lawsuit bring the Underlying Lawsuits against Uber at least potentially within the coverage underwritten by ATIC under the respective ATIC Policy.

251.    ATIC's duty to defend under the ATIC Policies is exceedingly broad.

252.    Whether Uber is actually liable for the conduct of the Drivers as alleged in the Underlying Lawsuits is irrelevant to ATIC's duty to defend Uber under the ATIC Policies.

253.    Uber's liability for the conduct of the Drivers is relevant to the merits of the claims against Uber in the Underlying Lawsuits, and not collateral to them.

254.    ATIC may not rely on evidence extrinsic to the complaints of the Underlying Lawsuits to disclaim its duty to defend Uber against the Underlying Lawsuits.

255.    ATIC has a duty to defend Uber in each Underlying Lawsuit until (and if) facts are established in that Underlying Lawsuit disproving coverage under the terms of the respective ATIC Policy.

256.    Uber has demanded that ATIC assume its responsibilities and obligations to Uber, but ATIC has failed to comply with its obligation to defend Uber in the Underlying Lawsuits, and otherwise has failed to perform or acknowledge its obligations as an insurer of Uber.

257.    Uber has a tangible legal interest in determining whether ATIC breached its defense obligations under the ATIC Policies in connection with the Underlying Lawsuits, and ATIC has an opposing interest.

258.    An actual and justiciable controversy has arisen and currently exists between Uber and ATIC regarding ATIC's defense obligations under the ATIC Policies in connection with the Underlying Lawsuits.

259.    ATIC has taken the position that it has not breached its defense obligations by refusing to defend Uber in the Underlying Lawsuits.

260.    Uber, by contrast, has taken the position that ATIC did breach its defense obligations by failing to defend Uber in the Underlying Lawsuits.

261.    Declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

262.    Uber is entitled to a declaration that under the terms of each ATIC Policy, ATIC has a duty to defend Uber against the Underlying Lawsuits.

## COUNT II
### (Declaratory Judgment on Uber's
### Right to Independent Counsel)

263.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

264.    Each Underlying Lawsuit alleges that Uber is responsible for the conduct of the respective Driver under a vicarious liability theory or other respondeat-superior liability theory.

265.    Some of the Underlying Lawsuits also allege other theories of liability against Uber.

266.    ATIC has an interest to defeat claims against Uber brought under a vicarious liability or other respondeat-superior liability theory, which trigger ATIC's duty to indemnify Uber under the ATIC Policies, but not under other theories, which may not trigger ATIC's duty to indemnify Uber under the ATIC Policies.

267.    ATIC's interests in defending the Underlying Lawsuits conflict with Uber's interests as a defendant in the Underlying Lawsuits.

268.    ATIC has a duty to provide independent counsel to Uber in the Underlying Lawsuits.

269.    Uber has demanded that ATIC assume its responsibilities and obligations to Uber, including Uber's right to independent counsel, but ATIC refused to comply with its obligation to provide independent counsel for the defense of Uber in the Underlying Lawsuits.

270.    Uber has a tangible legal interest in determining whether ATIC has a duty under the ATIC Policies to provide independent counsel to Uber in the Underlying Lawsuits, and ATIC has an opposing interest.

271.    An actual and justiciable controversy has arisen and currently exists between Uber and ATIC regarding ATIC's obligations under the ATIC Policies in connection to providing independent counsel to Uber in the Underlying Lawsuits.

272.    ATIC has taken the position that it does not have a duty to provide independent counsel to Uber in the Underlying Lawsuits.

273.    Uber, by contrast, has taken the position that ATIC has a duty to provide independent counsel to Uber in the Underlying Lawsuits.

274.     Declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

275.     Uber is entitled to a declaration that under the terms of each ATIC Policy, Uber has a right to be defended in the Underlying Lawsuits by independent counsel of its choosing, whose reasonable fees are to be paid by ATIC.

## COUNT III
### (Declaratory Judgment on Defendant's
### Duty to Indemnify Uber)

276.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

277.     ATIC is obligated under the terms of the ATIC Policies to indemnify Uber in any Underlying Lawsuit to the extent of Uber's alleged liability for the conduct of the Drivers.

278.     As of the date of this Complaint, it remains undetermined by the respective finder(s) of fact whether Uber is liable for the conduct of the respective Driver in each of the Underlying Lawsuits.

279.     Uber has a tangible legal interest in determining whether ATIC has a duty under the ATIC Policies to indemnify Uber in any Underlying Lawsuit to the extent of Uber's alleged liability for the conduct of the Drivers.

280.     An actual and justiciable controversy has arisen and currently exists between Uber and ATIC regarding ATIC's obligations under the ATIC Policies in connection to indemnifying Uber in any Underlying Lawsuit to the extent of Uber's alleged liability for the conduct of the Drivers.

281.     ATIC has taken the position that it does not have a duty to indemnify Uber in the Underlying Lawsuits. *See* **Exhibit D**.

282.     Uber, by contrast, has taken the position that ATIC has a duty to indemnify Uber in any Underlying Lawsuit to the extent of Uber's alleged liability for the conduct of the Drivers. *See* **Exhibit C**.

283.     Declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

284.     Uber is entitled to a declaration that under the terms of each ATIC Policy, ATIC has a duty to indemnify Uber in any Underlying Lawsuit to the extent of Uber's alleged liability for the conduct of the Drivers.

## COUNT IV
### (Breach of Contract for the Love Lawsuit)

285.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

286.     ATIC Policy No. B512389 constitutes a valid and enforceable contract of insurance between ATIC and Driver Adel Sahioun Fam Atef.

287.     Uber is a beneficiary of ATIC Policy No. B512389 under the terms of ATIC Policy No. B512389.

288.     ATIC owes duties to Uber under the terms of ATIC Policy No. B512389.

289.     Uber is an "insured" under the terms of ATIC Policy No. B512389.

290.     ATIC Policy No. B512389 was in full force and effect on the date of loss in the Love Lawsuit.

291.     ATIC's duties to Uber under ATIC Policy No. B512389 were triggered when ATIC first received notice of the Love Lawsuit.

292.     ATIC has breached its contractual obligations under ATIC Policy No. B512389 by refusing to defend Uber in the Love Lawsuit, as required under ATIC Policy No. B512389.

293.     ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Love Lawsuit, as required under ATIC Policy No. B512389.

294.     ATIC has breached its contractual obligations by refusing to indemnify Uber in the Love Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Adel Sahioun Fam Atef, as required under ATIC Policy No. B512389.

295.     As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

296.     As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

297.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## <u>COUNT V</u>
### (Breach of Contract for the Aleman Lawsuit)

298.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

299.     ATIC Policy No. C001969 constitutes a valid and enforceable contract of insurance between ATIC and Driver Willie Mateo.

300.     Uber is a beneficiary of ATIC Policy No. C001969 the terms of ATIC Policy No. C001969.

301.     ATIC owes duties to Uber under the terms of ATIC Policy No. C001969.

302.     Uber is an "insured" under the terms of ATIC Policy No. C001969.

303.     ATIC Policy No. C001969 was in full force and effect on the date of loss in the Aleman Lawsuit.

304.    ATIC's duties to Uber under ATIC Policy No. C001969 were triggered when ATIC first received notice of the Aleman Lawsuit.

305.    ATIC has breached its contractual obligations under ATIC Policy No. C001969 by refusing to defend Uber in the Aleman Lawsuit, as required under ATIC Policy No. C001969.

306.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Aleman Lawsuit, as required under ATIC Policy No. C001969.

307.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Aleman Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Willie Mateo, as required under ATIC Policy No. C001969.

308.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

309.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

310.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## <u>COUNT VI</u>
### (Breach of Contract for the English Lawsuit)

311.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

312.    ATIC Policy No. B903756 constitutes a valid and enforceable contract of insurance between ATIC and Driver Md R. Khan.

313.   Uber is a beneficiary of ATIC Policy No. B903756 under the terms of ATIC Policy No. B903756.

314.   ATIC owes duties to Uber under the terms of ATIC Policy No. B903756.

315.   Uber is an "insured" under the terms of ATIC Policy No. B903756.

316.   ATIC Policy No. B903756 was in full force and effect on the date of loss in the English Lawsuit.

317.   ATIC's duties to Uber under ATIC Policy No. B903756 were triggered when ATIC first received notice of the English Lawsuit.

318.   ATIC has breached its contractual obligations under ATIC Policy No. B903756 by refusing to defend Uber in the English Lawsuit, as required under ATIC Policy No. B903756.

319.   ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the English Lawsuit, as required under ATIC Policy No. B903756.

320.   ATIC has breached its contractual obligations by refusing to indemnify Uber in the English Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Md R. Khan, as required under ATIC Policy No. B903756.

321.   As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

322.   As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

323.   As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT VII
### (Breach of Contract for the Johnson Lawsuit)

324.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

325.    ATIC Policy No. B609187 constitutes a valid and enforceable contract of insurance between ATIC and Driver Atta Ofori.

326.    Uber is a beneficiary of ATIC Policy No. B609187 under the terms of ATIC Policy No. B609187.

327.    ATIC owes duties to Uber under the terms of ATIC Policy No. B609187.

328.    Uber is an "insured" under the terms of ATIC Policy No. B609187.

329.    ATIC Policy No. B609187 was in full force and effect on the date of loss in the Johnson Lawsuit.

330.    ATIC's duties to Uber under ATIC Policy No. B609187 were triggered when ATIC first received notice of the Johnson Lawsuit.

331.    ATIC has breached its contractual obligations under ATIC Policy No. B609187 by refusing to defend Uber in the Johnson Lawsuit, as required under ATIC Policy No. B609187.

332.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Johnson Lawsuit, as required under ATIC Policy No. B609187.

333.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Johnson Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Atta Ofori, as required under ATIC Policy No. B609187.

334.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

335.     As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

336.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT VIII
### (Breach of Contract for the Guzman Lawsuit)

337.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

338.     ATIC Policy No. FPT002260 constitutes a valid and enforceable contract of insurance between ATIC and Driver Louis Placide.

339.     Uber is a beneficiary of ATIC Policy No. FPT002260 under the terms of ATIC Policy No. FPT002260.

340.     ATIC owes duties to Uber under the terms of ATIC Policy No. FPT002260.

341.     Uber is an "insured" under the terms of ATIC Policy No. FPT002260.

342.     ATIC Policy No. FPT002260 was in full force and effect on the date of loss in the Guzman Lawsuit.

343.     ATIC's duties to Uber under ATIC Policy No. FPT002260 were triggered when ATIC first received notice of the Guzman Lawsuit.

344.     ATIC has breached its contractual obligations under ATIC Policy No. FPT002260 by refusing to defend Uber in the Guzman Lawsuit, as required under ATIC Policy No. FPT002260.

345.     ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Guzman Lawsuit, as required under ATIC Policy No. FPT002260.

346.     ATIC has breached its contractual obligations by refusing to indemnify Uber in the Guzman Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Louis Placide, as required under ATIC Policy No. FPT002260.

347.     As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

348.     As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

349.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT IX
### (Breach of Contract for the Billey Lawsuit)

350.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

351.     ATIC Policy No. CAP608682 constitutes a valid and enforceable contract of insurance between ATIC and Driver Rafael Almonte Vasquez.

352.     Uber is a beneficiary of ATIC Policy No. CAP608682 under the terms of ATIC Policy No. CAP608682.

353.     ATIC owes duties to Uber under the terms of ATIC Policy No. CAP608682.

354.     Uber is an "insured" under the terms of ATIC Policy No. CAP608682.

355.     ATIC Policy No. CAP608682 was in full force and effect on the date of loss in the Billey Lawsuit.

356.     ATIC's duties to Uber under ATIC Policy No. CAP608682 were triggered when ATIC first received notice of the Billey Lawsuit.

357.    ATIC has breached its contractual obligations under ATIC Policy No. CAP608682 by refusing to defend Uber in the Billey Lawsuit, as required under ATIC Policy No. CAP608682.

358.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Billey Lawsuit, as required under ATIC Policy No. CAP608682.

359.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Billey Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Rafael Almonte Vasquez, as required under ATIC Policy No. CAP608682.

360.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

361.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

362.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT X
### (Breach of Contract for the Samuel Lawsuit)

363.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

364.    ATIC Policy No. TNC000114 constitutes a valid and enforceable contract of insurance between ATIC and Driver Dost Sadiq.

365.    Uber is a beneficiary of ATIC Policy No. TNC000114 under the terms of ATIC Policy No. TNC000114.

366.    ATIC owes duties to Uber under the terms of ATIC Policy No. TNC000114.

367.    Uber is an "insured" under the terms of ATIC Policy No. TNC000114.

368.    ATIC Policy No. TNC000114 was in full force and effect on the date of loss in the Samuel Lawsuit.

369.    ATIC's duties to Uber under ATIC Policy No. TNC000114 were triggered when ATIC first received notice of the Samuel Lawsuit.

370.    ATIC has breached its contractual obligations under ATIC Policy No. TNC000114 by refusing to defend Uber in the Samuel Lawsuit, as required under ATIC Policy No. TNC000114.

371.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Samuel Lawsuit, as required under ATIC Policy No. TNC000114.

372.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Samuel Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Dost Sadiq, as required under ATIC Policy No. TNC000114.

373.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

374.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

375.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XI
### (Breach of Contract for the Robinson Lawsuit)

376.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

377. ATIC Policy No. FPT008250 constitutes a valid and enforceable contract of insurance between ATIC and Driver Julio Deoleo.

378. Uber is a beneficiary of ATIC Policy No. FPT008250 under the terms of ATIC Policy No. FPT008250.

379. ATIC owes duties to Uber under the terms of ATIC Policy No. FPT008250.

380. Uber is an "insured" under the terms of ATIC Policy No. FPT008250.

381. ATIC Policy No. FPT008250 was in full force and effect on the date of loss in the Robinson Lawsuit.

382. ATIC's duties to Uber under ATIC Policy No. FPT008250 were triggered when ATIC first received notice of the Robinson Lawsuit.

383. ATIC has breached its contractual obligations under ATIC Policy No. FPT008250 by refusing to defend Uber in the Robinson Lawsuit, as required under ATIC Policy No. FPT008250.

384. ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Robinson Lawsuit, as required under ATIC Policy No. FPT008250.

385. ATIC has breached its contractual obligations by refusing to indemnify Uber in the Robinson Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Julio Deoleo, as required under ATIC Policy No. FPT008250.

386. As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

387. As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

388.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XII
### (Breach of Contract for the Williams Lawsuit)

389.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

390.     ATIC Policy No. B516728 constitutes a valid and enforceable contract of insurance between ATIC and Driver Zhaoyang Liu.

391.     Uber is a beneficiary of ATIC Policy No. B516728 under the terms of ATIC Policy No. B516728.

392.     ATIC owes duties to Uber under the terms of ATIC Policy No. B516728.

393.     Uber is an "insured" under the terms of ATIC Policy No. B516728.

394.     ATIC Policy No. B516728 was in full force and effect on the date of loss in the Williams Lawsuit.

395.     ATIC's duties to Uber under ATIC Policy No. B516728 were triggered when ATIC first received notice of the Williams Lawsuit.

396.     ATIC has breached its contractual obligations under ATIC Policy No. B516728 by refusing to defend Uber in the Williams Lawsuit, as required under ATIC Policy No. B516728.

397.     ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Williams Lawsuit, as required under ATIC Policy No. B516728.

398.     ATIC has breached its contractual obligations by refusing to indemnify Uber in the Williams Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Zhaoyang Liu, as required under ATIC Policy No. B516728.

399.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

400.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

401.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XIII
### (Breach of Contract for the Strickland Lawsuit)

402.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

403.    ATIC Policy No. CAP615222 constitutes a valid and enforceable contract of insurance between ATIC and Driver Asraf Uddin.

404.    Uber is a beneficiary of ATIC Policy No. CAP615222 under the terms of ATIC Policy No. CAP615222.

405.    ATIC owes duties to Uber under the terms of ATIC Policy No. CAP615222.

406.    Uber is an "insured" under the terms of ATIC Policy No. CAP615222.

407.    ATIC Policy No. CAP615222 was in full force and effect on the date of loss in the Strickland Lawsuit.

408.    ATIC's duties to Uber under ATIC Policy No. CAP615222 were triggered when ATIC first received notice of the Strickland Lawsuit.

409.    ATIC has breached its contractual obligations under ATIC Policy No. CAP615222 by refusing to defend Uber in the Strickland Lawsuit, as required under ATIC Policy No. CAP615222.

410.     ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Strickland Lawsuit, as required under ATIC Policy No. CAP615222.

411.     ATIC has breached its contractual obligations by refusing to indemnify Uber in the Strickland Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Asraf Uddin, as required under ATIC Policy No. CAP615222.

412.     As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

413.     As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

414.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## <u>COUNT XIV</u>
### (Breach of Contract for the Dodenc Lawsuit)

415.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

416.     ATIC Policy No. FPT013416 constitutes a valid and enforceable contract of insurance between ATIC and Driver Ramaz Bikashvili.

417.     Uber is a beneficiary of ATIC Policy No. FPT013416 under the terms of ATIC Policy No. FPT013416.

418.     ATIC owes duties to Uber under the terms of ATIC Policy No. FPT013416.

419.     Uber is an "insured" under the terms of ATIC Policy No. FPT013416.

420.     ATIC Policy No. FPT013416 was in full force and effect on the date of loss in the Dodenc Lawsuit.

421.    ATIC's duties to Uber under ATIC Policy No. FPT013416 were triggered when ATIC first received notice of the Dodenc Lawsuit.

422.    ATIC has breached its contractual obligations under ATIC Policy No. FPT013416 by refusing to defend Uber in the Dodenc Lawsuit, as required under ATIC Policy No. FPT013416.

423.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Dodenc Lawsuit, as required under ATIC Policy No. FPT013416.

424.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Dodenc Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Ramaz Bikashvili, as required under ATIC Policy No. FPT013416.

425.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

426.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

427.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XV
### (Breach of Contract for the Richardson Lawsuit)

428.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

429.    ATIC Policy No. B516521 constitutes a valid and enforceable contract of insurance between ATIC and Driver David Mavashev.

430.    Uber is a beneficiary of ATIC Policy No. B516521 the terms of ATIC Policy No. B516521.

431.    ATIC owes duties to Uber under the terms of ATIC Policy No. B516521.

432.    Uber is an "insured" under the terms of ATIC Policy No. B516521.

433.    ATIC Policy No. B516521 was in full force and effect on the date of loss in the Richardson Lawsuit.

434.    ATIC's duties to Uber under ATIC Policy No. B516521 were triggered when ATIC first received notice of the Richardson Lawsuit.

435.    ATIC has breached its contractual obligations under ATIC Policy No. B516521 by refusing to defend Uber in the Richardson Lawsuit, as required under ATIC Policy No. B516521.

436.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Richardson Lawsuit, as required under ATIC Policy No. B516521.

437.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Richardson Lawsuit to the extent of Uber's alleged liability for the conduct of Driver David Mavashev, as required under ATIC Policy No. B516521.

438.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

439.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

440.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## <u>COUNT XVI</u>
### (Breach of Contract for the Reddin Lawsuit)

441.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

442.    ATIC Policy No. TNC000112 constitutes a valid and enforceable contract of insurance between ATIC and Driver Ali Akbar.

443.    Uber is a beneficiary of ATIC Policy No. TNC000112 the terms of ATIC Policy No. TNC000112.

444.    ATIC owes duties to Uber under the terms of ATIC Policy No. TNC000112.

445.    Uber is an "insured" under the terms of ATIC Policy No. TNC000112.

446.    ATIC Policy No. TNC000112 was in full force and effect on the date of loss in the Reddin Lawsuit.

447.    ATIC's duties to Uber under ATIC Policy No. TNC000112 were triggered when ATIC first received notice of the Reddin Lawsuit.

448.    ATIC has breached its contractual obligations under ATIC Policy No. TNC000112 by refusing to defend Uber in the Reddin Lawsuit, as required under ATIC Policy No. TNC000112.

449.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Reddin Lawsuit, as required under ATIC Policy No. TNC000112.

450.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Reddin Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Ali Akbar, as required under ATIC Policy No. TNC000112.

451.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

452.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

453.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XVII
### (Breach of Contract for the Hurley Lawsuit)

454.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

455.    ATIC Policy No. FPT007319 constitutes a valid and enforceable contract of insurance between ATIC and Driver Hari Giri.

456.    Uber is a beneficiary of ATIC Policy No. FPT007319 the terms of ATIC Policy No. FPT007319.

457.    ATIC owes duties to Uber under the terms of ATIC Policy No. FPT007319.

458.    Uber is an "insured" under the terms of ATIC Policy No. FPT007319.

459.    ATIC Policy No. FPT007319 was in full force and effect on the date of loss in the Hurley Lawsuit.

460.    ATIC's duties to Uber under ATIC Policy No. FPT007319 were triggered when ATIC first received notice of the Hurley Lawsuit.

461.    ATIC has breached its contractual obligations under ATIC Policy No. FPT007319 by refusing to defend Uber in the Hurley Lawsuit, as required under ATIC Policy No. FPT007319.

462.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Hurley Lawsuit, as required under ATIC Policy No. FPT007319.

463.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Hurley Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Hari Giri, as required under ATIC Policy No. FPT007319.

464.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

465.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

466.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XVIII
### (Breach of Contract for the Hassan Lawsuit)

467.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

468.    ATIC Policy No. B718450 constitutes a valid and enforceable contract of insurance between ATIC and Driver Abdelilah Esskalli.

469.    Uber is a beneficiary of ATIC Policy No. B718450 the terms of ATIC Policy No. B718450.

470.    ATIC owes duties to Uber under the terms of ATIC Policy No. B718450.

471.    Uber is an "insured" under the terms of ATIC Policy No. B718450.

472.    ATIC Policy No. B718450 was in full force and effect on the date of loss in the Hassan Lawsuit.

473.    ATIC's duties to Uber under ATIC Policy No. B718450 were triggered when ATIC first received notice of the Hassan Lawsuit.

474.    ATIC has breached its contractual obligations under ATIC Policy No. B718450 by refusing to defend Uber in the Hassan Lawsuit, as required under ATIC Policy No. B718450.

475.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Hassan Lawsuit, as required under ATIC Policy No. B718450.

476.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Hassan Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Abdelilah Esskalli, as required under ATIC Policy No. B718450.

477.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

478.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

479.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XIX
### (Breach of Contract for the Wilson Lawsuit)

480.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

481.    ATIC Policy No. FPT003764 constitutes a valid and enforceable contract of insurance between ATIC and Driver Kuljinder Singh.

482.    Uber is a beneficiary of ATIC Policy No. FPT003764 the terms of ATIC Policy No. FPT003764.

483.    ATIC owes duties to Uber under the terms of ATIC Policy No. FPT003764.

484.    Uber is an "insured" under the terms of ATIC Policy No. FPT003764.

485.    ATIC Policy No. FPT003764 was in full force and effect on the date of loss in the Wilson Lawsuit.

486.     ATIC's duties to Uber under ATIC Policy No. FPT003764 were triggered when ATIC first received notice of the Wilson Lawsuit.

487.     ATIC has breached its contractual obligations under ATIC Policy No. FPT003764 by refusing to defend Uber in the Wilson Lawsuit, as required under ATIC Policy No. FPT003764.

488.     ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Wilson Lawsuit, as required under ATIC Policy No. FPT003764.

489.     ATIC has breached its contractual obligations by refusing to indemnify Uber in the Wilson Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Kuljinder Singh, as required under ATIC Policy No. FPT003764.

490.     As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

491.     As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

492.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## <u>COUNT XX</u>
### (Breach of Contract for the Takarli Lawsuit)

493.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

494.     ATIC Policy No. FPT007413 constitutes a valid and enforceable contract of insurance between ATIC and Driver Mohammad Bruiyan.

495.     Uber is a beneficiary of ATIC Policy No. FPT007413 the terms of ATIC Policy No. FPT007413.

496.    ATIC owes duties to Uber under the terms of ATIC Policy No. FPT007413.

497.    Uber is an "insured" under the terms of ATIC Policy No. FPT007413.

498.    ATIC Policy No. FPT007413 was in full force and effect on the date of loss in the Takarli Lawsuit.

499.    ATIC's duties to Uber under ATIC Policy No. FPT007413 were triggered when ATIC first received notice of the Takarli Lawsuit.

500.    ATIC has breached its contractual obligations under ATIC Policy No. FPT007413 by refusing to defend Uber in the Takarli Lawsuit, as required under ATIC Policy No. FPT007413.

501.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Takarli Lawsuit, as required under ATIC Policy No. FPT007413.

502.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Takarli Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Mohammad Bruiyan, as required under ATIC Policy No. FPT007413.

503.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

504.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

505.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## <u>COUNT XXI</u>
### (Breach of Contract for the Elias Lawsuit)

506.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

507.   ATIC Policy No. C100898 constitutes a valid and enforceable contract of insurance between ATIC and Driver Paulino Mendez.

508.   Uber is a beneficiary of ATIC Policy No. C100898 the terms of ATIC Policy No. C100898.

509.   ATIC owes duties to Uber under the terms of ATIC Policy No. C100898.

510.   Uber is an "insured" under the terms of ATIC Policy No. C100898.

511.   ATIC Policy No. C100898 was in full force and effect on the date of loss in the Elias Lawsuit.

512.   ATIC's duties to Uber under ATIC Policy No. C100898 were triggered when ATIC first received notice of the Elias Lawsuit.

513.   ATIC has breached its contractual obligations under ATIC Policy No. C100898 by refusing to defend Uber in the Elias Lawsuit, as required under ATIC Policy No. C100898.

514.   ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Elias Lawsuit, as required under ATIC Policy No. C100898.

515.   ATIC has breached its contractual obligations by refusing to indemnify Uber in the Elias Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Paulino Mendez, as required under ATIC Policy No. C100898.

516.   As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

517.   As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

518.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XXII
### (Breach of Contract for the Nurse Lawsuit)

519.     Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

520.     ATIC Policy No. FPT004157 constitutes a valid and enforceable contract of insurance between ATIC and Driver Karma Dorje.

521.     Uber is a beneficiary of ATIC Policy No. FPT004157 the terms of ATIC Policy No. FPT004157.

522.     ATIC owes duties to Uber under the terms of ATIC Policy No. FPT004157.

523.     Uber is an "insured" under the terms of ATIC Policy No. FPT004157.

524.     ATIC Policy No. FPT004157 was in full force and effect on the date of loss in the Nurse Lawsuit.

525.     ATIC's duties to Uber under ATIC Policy No. FPT004157 were triggered when ATIC first received notice of the Nurse Lawsuit.

526.     ATIC has breached its contractual obligations under ATIC Policy No. FPT004157 by refusing to defend Uber in the Nurse Lawsuit, as required under ATIC Policy No. FPT004157.

527.     ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Nurse Lawsuit, as required under ATIC Policy No. FPT004157.

528.     ATIC has breached its contractual obligations by refusing to indemnify Uber in the Nurse Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Karma Dorje, as required under ATIC Policy No. FPT004157.

529.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

530.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

531.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XXIII
### (Breach of Contract for the Martinez Lawsuit)

532.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

533.    ATIC Policy No. FPT016916 constitutes a valid and enforceable contract of insurance between ATIC and Driver Aleksandre Aleksidze.

534.    Uber is a beneficiary of ATIC Policy No. FPT016916 the terms of ATIC Policy No. FPT016916.

535.    ATIC owes duties to Uber under the terms of ATIC Policy No. FPT016916.

536.    Uber is an "insured" under the terms of ATIC Policy No. FPT016916.

537.    ATIC Policy No. FPT016916 was in full force and effect on the date of loss in the Martinez Lawsuit.

538.    ATIC's duties to Uber under ATIC Policy No. FPT016916 were triggered when ATIC first received notice of the Martinez Lawsuit.

539.    ATIC has breached its contractual obligations under ATIC Policy No. FPT016916 by refusing to defend Uber in the Martinez Lawsuit, as required under ATIC Policy No. FPT016916.

540.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Martinez Lawsuit, as required under ATIC Policy No. FPT016916.

541.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Martinez Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Aleksandre Aleksidze, as required under ATIC Policy No. FPT016916.

542.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

543.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

544.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

### COUNT XXIV
### (Breach of Contract for the Burlaka Lawsuit)

545.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

546.    ATIC Policy No. C100591 constitutes a valid and enforceable contract of insurance between ATIC and Driver Elyorjon Arziev.

547.    Uber is a beneficiary of ATIC Policy No. C100591 the terms of ATIC Policy No. C100591.

548.    ATIC owes duties to Uber under the terms of ATIC Policy No. C100591.

549.    Uber is an "insured" under the terms of ATIC Policy No. C100591.

550.    ATIC Policy No. C100591 was in full force and effect on the date of loss in the Burlaka Lawsuit.

551.    ATIC's duties to Uber under ATIC Policy No. C100591 were triggered when ATIC first received notice of the Burlaka Lawsuit.

552.    ATIC has breached its contractual obligations under ATIC Policy No. C100591 by refusing to defend Uber in the Burlaka Lawsuit, as required under ATIC Policy No. C100591.

553.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Burlaka Lawsuit, as required under ATIC Policy No. C100591.

554.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Burlaka Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Elyorjon Arziev, as required under ATIC Policy No. C100591.

555.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

556.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

557.    As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XXV
### (Breach of Contract for the Burke Lawsuit)

558.    Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

559.    ATIC Policy No. C103296 constitutes a valid and enforceable contract of insurance between ATIC and Driver Giorgi Elbakidze.

560.    Uber is a beneficiary of ATIC Policy No. C103296 the terms of ATIC Policy No. C103296.

561.   ATIC owes duties to Uber under the terms of ATIC Policy No. C103296.

562.   Uber is an "insured" under the terms of ATIC Policy No. C103296.

563.   ATIC Policy No. C103296 was in full force and effect on the date of loss in the Burke Lawsuit.

564.   ATIC's duties to Uber under ATIC Policy No. C103296 were triggered when ATIC first received notice of the Burke Lawsuit.

565.   ATIC has breached its contractual obligations under ATIC Policy No. C103296 by refusing to defend Uber in the Burke Lawsuit, as required under ATIC Policy No. C103296.

566.   ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Burke Lawsuit, as required under ATIC Policy No. C103296.

567.   ATIC has breached its contractual obligations by refusing to indemnify Uber in the Burke Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Giorgi Elbakidze, as required under ATIC Policy No. C103296.

568.   As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

569.   As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

570.   As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## COUNT XXVI
### (Breach of Contract for the Louis Lawsuit)

571.   Uber hereby incorporates the previous paragraphs of this Complaint, as if fully set forth herein.

572.    ATIC Policy No. B511410 constitutes a valid and enforceable contract of insurance between ATIC and Driver Mustapha Aitounacer.

573.    Uber is a beneficiary of ATIC Policy No. B511410 the terms of ATIC Policy No. B511410.

574.    ATIC owes duties to Uber under the terms of ATIC Policy No. B511410.

575.    Uber is an "insured" under the terms of ATIC Policy No. B511410.

576.    ATIC Policy No. B511410 was in full force and effect on the date of loss in the Louis Lawsuit.

577.    ATIC's duties to Uber under ATIC Policy No. B511410 were triggered when ATIC first received notice of the Louis Lawsuit.

578.    ATIC has breached its contractual obligations under ATIC Policy No. B511410 by refusing to defend Uber in the Louis Lawsuit, as required under ATIC Policy No. B511410.

579.    ATIC has breached its contractual obligations by refusing to provide independent counsel to Uber in the Louis Lawsuit, as required under ATIC Policy No. B511410.

580.    ATIC has breached its contractual obligations by refusing to indemnify Uber in the Louis Lawsuit to the extent of Uber's alleged liability for the conduct of Driver Mustapha Aitounacer, as required under ATIC Policy No. B511410.

581.    As a direct result of ATIC's breach, Uber has been and will be deprived of the full benefits of the insurance coverage ATIC underwrote.

582.    As a direct result of ATIC's breach, Uber has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

583.     As a direct and proximate result of the aforesaid actions by ATIC, Uber has been damaged in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

**JURY DEMAND**

584.     Uber demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Uber respectfully requests that this Court enter judgment against ATIC:

a.       Declaring that, under the terms of the ATIC Policies, ATIC has a duty to defend Uber against the Underlying Lawsuits;

b.       Declaring that, under the terms of the ATIC Policies, Uber has a right to be defended in the Underlying Lawsuits by independent counsel of its choosing, whose reasonable fees are to be paid by ATIC;

c.       Declaring that, under the terms of the ATIC Policies, ATIC has a duty to indemnify Uber in any Underlying Lawsuit to the extent of Uber's alleged liability for the conduct of the Drivers;

d.       Awarding Uber actual money damages according to proof at trial, plus interest according to applicable law for: ATIC's breaches of the contractual obligations set forth in the ATIC Policies, including ATIC's failure to (1) pay the defense costs incurred by Uber in defense of the Underlying Lawsuits and (2) indemnify Uber to the extent of Uber's alleged legal liability for the conduct of the Drivers; and

e.       Granting such other and further relief as this Court deems just and proper, including awarding Uber the attorneys' fees and costs incurred by Uber in connection with this action.

Dated:  New York, New York
        February 16, 2024

Respectfully submitted,

PERKINS COIE LLP


By: */s/ Adam R. Mandelsberg*

    Adam R. Mandelsberg
    1155 Avenue of the Americas, 22nd Floor
    New York, NY 10036-2711
    Telephone: +1.212.261.6867
    Facsimile: +1.212.399.8067
    AMandelsberg@perkinscoie.com

    Selena J. Linde
    *Pro Hac Vice forthcoming*
    700 Thirteenth Street, N.W., Suite 800
    Washington, D.C. 20005-3960
    Telephone: +1.202.654.6200
    Facsimile: +1.202.654.6211
    SLinde@perkinscoie.com

    Juan J. Fonseca Angel
    *Pro Hac Vice forthcoming*
    33 E Main St Ste 201
    Madison, WI 53703-3095
    Telephone: +1.608.294.4001
    Facsimile: + 1.608.663.7499
    JFonsecaAngel@perkinscoie.com

    *Attorneys for Plaintiffs Uber*
    *Technologies, Inc., Uber USA, LLC,*
    *Rasier-NY, LLC, Rasier, LLC, and Rasier-*
    *CA, LLC*