# EXHIBIT D

# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

IRVINE OFFICE
2505 MCCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

LOS ANGELES OFFICE
515 S. FLOWER STREET, SUITE 1000
LOS ANGELES, CALIFORNIA 90071

WWW.LONDONFISCHER.COM

October 12, 2023

VIA EMAIL & CERTIFIED MAIL
7022 1670 0003 0467 2447

Uber Technologies Inc.
1515 Third Street
San Francisco, CA 94158
Attn:   Scott Jalowiec
        (sjalowiec@uber.com)
        Sr. Counsel, U.S. & Canada
        Safety & Insurance Litigation

Re:   Tender of All Pending Lawsuits Involving American Transit Insurance Company
      LF File: 426.0567071

Dear Mr. Jalowiec,

We represent American Transit Insurance Company ("ATIC"). This responds to your September 25, 2023 letter, which tendered the defense and indemnification of Uber Technologies Inc. and its subsidiaries ("Uber") in five-hundred and thirty matters alleging injuries occurring during the period August 22, 2016 to July 25, 2023 ("tendered matters").

ATIC is constrained to deny coverage and disclaims any obligation to defend or indemnify Uber in connection with the tendered matters because Uber is not an insured. If Uber were to qualify as an insured, coverage would still be unavailable because Uber has violated the notice and cooperation provisions of the policies resulting in prejudice to ATIC.

## SUMMARY OF RELEVANT FACTS

The September 25, 2023 letter includes an exhibit with five-hundred and thirty rows of case names and five columns labeled case name, date of loss, insured driver, policy number and complaint. The letter indicates that the complaints column contains links to complaints "located on the New York State Unified Court System for each matter being tendered." However, three matters are not associated with a linked complaint and reference docket numbers in a format used by New Jersey State Courts. A fourth matter is linked to a state court complaint filed as an exhibit supporting removal to the federal district court for the Eastern District of New York. No complaint

Uber Technologies Inc.
Scott Jalowiec, Esq.
October 12, 2023
Page 2 of 6

is linked for fifth matter in small claims court. ATIC is continuing to investigate the information provided in the exhibit, which may contain other inconsistencies that have not yet been identified.

The date of loss column indicates that the accidents referenced in the complaints allegedly occurred between the period August 22, 2016 and July 25, 2023. The letter indicates that Uber "has already retained counsel to protect its interest" in the tendered matters. One matter contains a notation indicating that it has been stayed. No other information describing the status of the matters is provided.

The letter contends that "[c]ommon to each Complaint are plaintiffs seeking damages for bodily injury alleging that Uber is vicariously liable for the negligence of an American Transit insured driver or vehicle owner."

## SUMMARY OF POLICY PROVISIONS

a. <u>Insuring Agreement</u>

The policies provide coverage for, in relevant part, "sums an 'insured' legally must pay as damages because of 'bodily injury'…caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"[1]

b. <u>Who Is An Insured</u>

When they are used in the policies, "the words 'you' and 'your' refer to the Named Insured shown in the Declarations."[2] Only the following are "insureds":

   a. You for any covered "auto."
   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "auto."
          This exception does not apply if the "auto" is a "trailer" connected to a covered "auto" you own.

      (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

      (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

---

[1] Business Auto Coverage Form CA 00 01 10 13 ("Coverage Form") at Section II(A).
[2] Coverage Form at p.1.

LONDON FISCHER LLP

4895-4151-6933, v. 2

Uber Technologies Inc.
Scott Jalowiec, Esq.
October 12, 2023
Page 3 of 6

    (4)    Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto."

    (5)    A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

  c.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.[3]

c. Notice and Cooperation Obligations

Insureds have reporting and cooperation obligations, which are described in Section IV(A)(2) of the Coverage Form as amended by the edition of New York Changes in Business Auto And Motor Carrier Coverage Form CA 01 12 in use on the date of policy issuance. These provisions provide, in relevant part:

We have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us:

  a.  In the event of "accident", claim, "suit" or "loss", you or someone on your behalf must give us or our authorized representative notice as soon as reasonably possible of the "accident" or "loss".

Include:

    (1)    How, when and where the "accident" or "loss" occurred;
    (2)    The "insured's" name and address; and
    (3)    To the extent possible, the names and addresses of any injured persons and witnesses. Written notice by or on behalf of the injured person or any other claimant to our authorized representative shall be deemed notice to us.

  b.  Additionally, you and any other involved "insured" must:
    (1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
    (2)    Send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit" as soon as reasonably possible.

---

[3] Coverage Form at II(A)(1).

LONDON FISCHER LLP

4895-4151-6933, v. 2

Uber Technologies Inc.
Scott Jalowiec, Esq.
October 12, 2023
Page 4 of 6

| | | |
|---|---|---|
| | (3) | Cooperate with us in the investigation or settlement of the claim or defense against the "suit". |
| | (4) | Authorize us to obtain medical records or other pertinent information. |
| | (5) | Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.[4] |

4. The following provision is added and supersedes any provision to the contrary:

Failure to give notice to us as soon as practicable, as required under this Coverage Part, shall not invalidate any claim made by the "insured", injured person or any other claimant, unless the failure to provide such timely notice has prejudiced us. However, no claim made by the "insured", injured person or other claimant will be invalidated if it shall be shown not to have been reasonably possible to give such timely notice and that notice was given as soon as was reasonably possible thereafter.[5]

## COVERAGE POSITION

ATIC denies coverage and disclaims any obligation to defend or indemnify Uber in connection with the tendered matters because Uber is not an insured. If Uber were to qualify as an insured, coverage would still be unavailable because Uber has violated the notice and cooperation provisions of the policies resulting in prejudice to ATIC.

a. Who Is an Insured

Uber is not entitled to coverage afforded by the policies because it does not, in fact, qualify as an insured as defined in the policies. The "party asserting that someone other than a named insured is an insured under the policy" has "the initial burden of submitting proof in evidentiary form that the alleged insured is, in fact, an insured within the meaning of the policy...." *Preferred Mutual Ins., Co. v. Ryan*, 175 AD2d 375, 378, 572 NYS2d 447, 448 (3d Dept. 1991).

Uber qualifies as an "insured" only if (i) it is a Named Insured, (ii) was, in fact, using a covered "auto" owned, hired or borrowed by a Named Insured, or (iii) is, in fact, liable for the conduct of an "insured."

Uber is not a Named Insured because the declarations of the policies do not refer to Uber as a Named Insured. Furthermore, our investigation of Uber's business practices indicates that

---

[4] Coverage Form at IV(A)(2) and New York Changes in Business Auto And Motor Carrier Coverage Forms CA 01 12 12 15 at p.4
[5] New York Changes in Business Auto And Motor Carrier Coverage Forms CA 01 12 12 15 at p.5.

LONDON FISCHER LLP

4895-4151-6933, v. 2

Uber Technologies Inc.
Scott Jalowiec, Esq.
October 12, 2023
Page 5 of 6

Uber does not, in fact, use any auto owned, hired or borrowed by a Named Insured, and is not, in fact, liable for the conduct of any insured.[6]

If our understanding is incorrect with respect to any tendered matter, please promptly identify that matter and provide proof that Uber was, in fact, using an auto owned, hired or borrowed by a Named Insured or is, in fact, liable for the conduct of any insured.

    b. <u>Notice and Cooperation Obligations</u>

If Uber qualified as an insured, coverage would be invalidated or limited because ATIC has been prejudiced by the violation of the notice and cooperation provisions of the policies.

The policies require that any insured must:

> (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
> (2) Send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit" as soon as reasonably possible.
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"…[7]

Without providing notice to ATIC, Uber retained counsel and engaged in the defense of the tendered matters. Uber assumed obligations, made payments and incurred expenses without ATIC's consent. Accordingly, ATIC denies coverage and disclaims any obligation to reimburse Uber for any obligation assumed, any payment made, and any expense incurred in the tendered matters.

The tendered matters allege injuries occurring during a seven-year period that began on August 22, 2016. The failure to provide notice of these matters, and the bulk nature of the tender, is prejudicial to ATIC. Uber did not "[s]end us copies of any request, demand, order or notice, summons or legal paper…as soon as reasonably possible" and ATIC was prejudiced by such failure. Accordingly, ATIC denies coverage and disclaims any obligation to defend or indemnify Uber with respect to these matters.

## CONCLUSION AND RESERVATION OF RIGHTS

Uber is not an insured and has violated the notice and cooperation provisions of the policies resulting in prejudice to ATIC. Accordingly, ATIC denies coverage and disclaims any obligation to defend or indemnify Uber in connection with the tendered matters.

---

[6] See, e.g, *Affidavit of Ben Carrol, Duncan v. Uber Tech. Inc. et. al.*, Index No. 700606/2020 (NY Sup. Ct. Queens) available at https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=mU/VDU5wyITiEyL3E3ZX3Q==&system=prod
[7] Coverage Form at IV(A)(2) and New York Changes in Business Auto And Motor Carrier Coverage Forms CA 01 12 12 15 at pp.4-5.

LONDON FISCHER LLP

4895-4151-6933, v. 2

Uber Technologies Inc.
Scott Jalowiec, Esq.
October 12, 2023
Page 6 of 6

ATIC's coverage position is based on its investigation and the facts that have been made available to it. ATIC expressly reserves the right to modify its coverage position if it learns of new, additional or different information warranting such modification. Accordingly, please contact us with any information that you believe may affect ATIC's determination of coverage.

If you have any questions concerning the substance of this letter, please contact me.

Very truly yours,

London Fischer LLP
Daniel London

LONDON FISCHER LLP

4895-4151-6933, v. 2