# Katten

50 Rockefeller Plaza
New York, NY 10020-1605
+1.212.940.8800 tel
katten.com

**PHILIP A. NEMECEK**
philip.nemecek@katten.com
+1.212.940.8834 direct
+1.212.940.8776 fax

April 19, 2024

**By ECF**

Hon. Analisa Torres, U.S.D.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Hon. Vernon S. Broderick, U.S.D.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   ***Uber Technologies, Inc. et al. v. American Transit Insurance Company***
      **S.D.N.Y. Case No. 1:24-cv-01207-AT**

      ***Uber Technologies, Inc. et al. v. Maya Assurance Company***
      **S.D.N.Y. Case No. 1:24-cv-01209-VSB**

Your Honors:

My firm represents Maya Assurance Company ("Maya"), the defendant in the second of the two referenced actions ("*Uber v. Maya*"). Pursuant to Local Civil Rule 1.6 ("Duty of Attorneys in Related Cases"), we write to bring to the attention of the Court facts which Maya and its counsel believe are relevant to a determination that the two referenced actions "should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort."

In the first of the two referenced actions ("*Uber v. ATIC*"), Uber Technologies, Inc. and four of its subsidiaries (collectively defined in the Complaint as "Uber") seek relief with respect to 23 bodily injury lawsuits filed against Uber in New York, each allegedly arising out of a motor vehicle accident in which a for-hire driver licensed by the New York City Taxi & Limousine Commission ("TLC") who maintained a commercial automobile liability policy issued by defendant American Transit Insurance Company ("ATIC") was utilizing Uber's Rides Platform at the time of the accident and is alleged to be at fault for bodily injury to a rider or third party. *Uber v. ATIC* Complaint [Dkt. No. 1], ¶¶ 1-4. In each of the 23 "Underlying Lawsuits," Uber allegedly requested that ATIC defend it and indemnify it to the extent of its liability for the conduct of the drivers under the ATIC insurance policies, but ATIC denied coverage. *Id.* ¶¶ 6-7. Through the *Uber v.*

# Katten

*ATIC* action, "Uber seeks to enforce the contractual obligations ATIC owes Uber, confirm ATIC's primary insurance obligations of defense and indemnity to Uber as its insured, and to recover the defense and indemnity costs Uber has incurred in connection with the Underlying Lawsuits." *Id.* ¶ 1.

The allegations and relief requested in the *Uber v. Maya* action are virtually identical. In that second-filed lawsuit, Uber Technologies, Inc. and five of its subsidiaries (collectively defined in the Complaint as "Uber") seek relief with respect to five bodily injury lawsuits filed against Uber in New York, each allegedly arising out of a motor vehicle accident in which a for-hire driver licensed by the TLC who maintained a commercial automobile liability policy issued by Maya was utilizing Uber's Rides Platform at the time of the accident and is alleged to be at fault for bodily injury to a rider or third party. *Uber v. Maya* Complaint [Dkt. No. 1], ¶¶ 1-4. In each of the five "Underlying Lawsuits," Uber allegedly requested that Maya defend it and indemnify it to the extent of its liability for the conduct of the drivers under the Maya insurance policies, but Maya denied coverage. *Id.* ¶¶ 6-7. Through the *Uber v. Maya* action, "Uber seeks to enforce the contractual obligations Maya owes Uber, confirm Maya's primary insurance obligations of defense and indemnity to Uber as its insured, and to recover the defense and indemnity costs Uber has incurred in connection with the Underlying Lawsuits." *Id.* ¶ 1.

Both cases were commenced on the same day, February 16, 2024, and remain in their earliest stages. The Uber plaintiffs are represented in both cases by the same three attorneys: Adam R. Mandelsberg, Selena J. Linde and Juan J. Fonseca Angel of Perkins Coie LLP. Those three attorneys are copied on this email, as are Daniel W. London and Robert S. Nobel of London Fischer LLP, who represent ATIC in the *Uber v. ATIC* action.

Respectfully submitted,

*/s/ Philip A. Nemecek*

Philip A. Nemecek

cc: Adam R. Mandelsberg, Esq. (By ECF and Email)
     Selena J. Linde, Esq. (By ECF and Email)
     Juan J. Fonseca Angel, Esq. (By ECF and Email)
     Daniel W. London, Esq. (By ECF and Email)
     Robert S. Nobel, Esq. (By ECF and Email)