USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/26/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER-NY, LLC, RASIER, LLC, and RASIER-CA, LLC,

        Plaintiffs,

-against-

AMERICAN TRANSIT INSURANCE COMPANY,

        Defendant.

1:24-cv-01207-AT

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, the Plaintiffs and Defendant in this action (each of which individually is referred to herein as a "Party," and collectively as the "Parties") having stipulated and agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule IV.A of this Court's Individual Practices in Civil Cases, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with this action:

    1.    Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Party in information that is proprietary, a trade secret, or otherwise sensitive non-public information (hereinafter "Confidential Information"). Information and documents designated as containing such Confidential Information will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information (hereinafter "Receiving Party") solely for use in connection with this action.

    3.    In the event a Party challenges another Party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of Confidential Information.

    4.    All documents and information designated as "CONFIDENTIAL" shall not be disclosed to any person except:

    a. Counsel for the Parties, including in-house and outside counsel;

    b. Employees of such counsel identified in Paragraph 4a. who are assigned to and necessary to assist in this action;

    c. Consultants or experts assisting in the prosecution or defense of this action, to the extent deemed necessary by counsel for a Party, including but not limited to a copy vendor, e-discovery vendor, stenographer, or videographer;

    d. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court);

    e. Regulators, auditors and accountants of any Party, Defendant's insurers, reinsurers or their retrocessionaires, as may be required in the ordinary course of Defendant's business, who have been advised of their obligations hereunder or are subject to materially similar obligations under separate agreements;

    f. A Party's management, to whom disclosure is reasonably necessary to prosecute or defend this action;

    g. Witnesses, deponents, or persons whom a Party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

    h. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any Parties engaged in settlement discussions; and

    i. Such other persons as hereafter may be designated by written agreement of all Parties in this Action or by order of the Court, and who have signed the Agreement attached as Exhibit A hereto.

5. Prior to disclosing or displaying Confidential Information to any person, other than those identified in Paragraphs 4.a., 4.b., and 4.d., counsel for the Receiving Party must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to agree to be bound by this Protective Order and to sign the Agreement attached as Exhibit A hereto.

6. Disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right subsequently to designate such document or information as Confidential Information. If so designated, the document or information shall be treated as Confidential Information subject to all the terms of this Protective Order.

7. A Party may challenge the designation of Confidential Information by giving counsel for the designating Party written notice specifying the document, information, or item to

which the Confidential Information designation is being challenged. After conferring in good faith, if an agreement concerning the appropriate designation cannot be reached within seven calendar (7) days after delivery of the notice, then the Party challenging the Confidential Information designation may file a motion seeking the Court's determination as to the appropriate designation for the document, information, or item. Any material attached to the motion or any materials summarizing the Confidential Information designation shall be filed under seal, consistent with the procedure set forth in the Local Rules of the United States District Court for the Southern District of New York and Rule IV.A of this Court's Individual Practices in Civil Cases. A Party's decision not to challenge a particular Confidential Information designation shall not be construed as an admission that the information in question qualifies as Confidential Information.

8.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and other information that may be used for identity theft) exchanged in this action shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of PII. In the event the Receiving Party experiences a data breach, it shall immediately notify the producing Party and cooperate to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims, or constitute a waiver of legal rights and defenses, in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

9.     For testimony given in depositions or other pretrial proceedings, all transcripts will be automatically designated "Confidential Information" from the day of the testimony to thirty (30) calendar days after the final original transcript becomes available for review. After the thirty (30) days have passed, if specific portions of the transcript have not been designated Confidential Information, the transcript shall no longer be considered Confidential Information except upon stipulation by the Parties or Court order.

10.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents, communications, or electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, communications, ESI, or other information (including metadata) for relevance, responsiveness, or segregation of privileged and/or otherwise protected information before production.

11.     Confidential Information, if filed with or presented to the Court, shall be filed under seal in accordance with Rule IV.A of this Court's Individual Practices in Civil Cases.

12.     Confidential Information that is disclosed in contravention of this Protective Order (whether inadvertent or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the unauthorized disclosure, the Party that made the disclosure shall promptly:

3

(i) give written notice of the disclosure to the Party whose Confidential Information is at issue, which notice shall include a specific description of the improperly disclosed Confidential Information; (ii) give written notice to the recipient of the improperly disclosed Confidential Information; (iii) provide the recipient with a copy of this Protective Order and request that the recipient return or destroy the Confidential Information; (iv) give written notice of the recipient's response to the designating Party; (v) make reasonable good faith efforts to retrieve or ensure destruction of the improperly disclosed Confidential Information and all copies thereof (including summaries, excerpts, notes, and any other information derived therefrom); and (vi) give written notice to the designating Party of the result of such efforts. The designating Party's rights and remedies with respect to any such unauthorized disclosure are hereby reserved.

13. At the conclusion of this action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that outside counsel for the Parties shall be permitted to retain their files on the condition that those files will remain subject to the terms of this Protective Order.

14. This Protective Order has no effect upon, and shall not apply to, a Party's use of its own Confidential Information for any purpose. Nothing herein shall impose any restrictions on the use or disclosure, by any Party, of Confidential Information that was obtained lawfully by such Party independently of the proceedings in this action. The burden to establish that fact shall be on the Party asserting that the Confidential Information was obtained independently.

15. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. If any Receiving Party that has received Confidential Information: (a) is subpoenaed in another action or proceeding, (b) is served with a discovery demand in another action or proceeding, or (c) is served with any other legal process by a non-party to this action seeking Confidential Information, the Receiving Party shall, unless prohibited by law, provide actual written notice via email within five (5) business days of receipt of such subpoena, demand, or legal process, to counsel for the Party whose Confidential Information is at issue. Upon receiving written notice, the designating Party shall be afforded a reasonable opportunity to object to the disclosure—where possible, at least ten (10) business days' notice before the deadline for production or other disclosure of the Confidential Information. In no event shall production or disclosure be made before written notice is given unless required by court order. If the designating Party files a motion to quash or modify the subpoena or order, or moves for a protective order from the demand, then the Receiving Party shall comply with applicable law or the order of the court having jurisdiction over such motion. If no such motion is made, despite notice and a reasonable opportunity to object to the disclosure, then the Receiving Party is entitled to comply with the subpoena, demand, or order.

SO STIPULATED AND AGREED.

Dated: August 7, 2024
      New York, New York

SO ORDERED.

Dated: August 26, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge

Counsel for the Parties:

| | |
|---|---|
| **By:** */s/ Adam R. Mandelsberg* | **By:** */s/ Robert S. Nobel* |
| **PERKINS COIE LLP** | **LONDON FISCHER LLP** |
| Adam R. Mandelsberg | Robert S. Nobel |
| Selena J. Linde (*Pro hac vice*) | Daniel W. London |
| Jonathan G. Hardin (*Pro hac vice*) | 59 Maiden Lane, 39th Floor |
| Juan J. Fonseca Angel (*Pro hac vice*) | New York, New York 10038 |
| 1155 Avenue of the Americas, 22nd Floor | Tel: (212) 331-9425 |
| New York, New York 10036-2711 | |
| Tel: 212.262.6900 | *Attorneys for Defendant* |
| | |
| *Attorneys for Plaintiffs* | |

5

## **Exhibit A**

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the action entitled *Uber Technologies, Inc., et al. v. American Transit Insurance Co.* (S.D.N.Y. Case No. 1:24-cv-01207-AT) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that: (a) I will not disclose any information contained in such documents to any other person; (b) I will not use any such information for any purpose other than this litigation; and (c) I have read the terms of the Protective Order entered in the action entitled and will abide by its terms.

DATED:

_____
Signed